IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| CIELO JEAN GIBSON, CORA SKINNER, VIVIAN KINDLE, ALICIA WHITTEN, ASHLEY VICKERS, DESSIE MITCHESON, DEVIN JUSTINE TAKEGUMA, EVA PEPAJ, JESSICA BURCIAGA, LINA POSADA, MARKETA KAZDOVA, PAOLA CANAS, and TINA QUARLES,<br><br>　　　　　　　Plaintiffs,<br><br>　　- against -<br><br>BTS NORTH, INC. d/b/a BOOBY TRAP; T.K. PROMOTIONS, INC. d/b/a BOOBY TRAP; P.T.G. ENTERTAINMENT, INC. d/b/a BOOBY TRAP; and BOOBY TRAP, INC. d/b/a BOOBY TRAP,<br><br>　　　　　　　Defendants. | Case No.: 1:16-CV-24548-MGC |

**DECLARATION OF CIELO JEAN GIBSON IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

I, Cielo Jean Gibson, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 and the laws of the United States of America, that the following is true and correct:

1.　My name is Cielo Jean Gibson. I am over 18 years of age and I am competent to testify regarding the statements contained in this declaration based on my personal knowledge of the matters set forth herein and in the Complaint. [ECF No. 1]. I have also reviewed information about the business and events hosted by Defendants BTS North Inc., T.K. Promotions, Inc., P.T.G. Entertainment, Inc., and Booby Trap, Inc., (collectively, "Defendants") through my own online research and review of the discovery exchange and disclosed in this matter.

**Professional Background and Work in the Modeling Industry**

2.　I am a successful model who enjoys great success in my industry. I have over 60,000 Instagram followers and have appeared in *FHM* magazine.

3. My career started when I was the Import Tuner model search winner and I have had a tremendous motor sport following as the Falken Drift Team model, SBT Inc. model (Short Block Technologies) Momo sport model.

4. I am a Top Rank Boxing model who continues to promote and market a number of different companies', sports, and fitness equipment.

5. I have achieved celebrity status and fame in the modeling industry.

6. As a model, I earn a living by promoting my image, likeness and/or identity (collectively "image") for the benefit of various clients, commercial brands, media and entertainment outlets.

7. I rely on my professional reputation to book modeling and advertising jobs. My reputation is, therefore, critical to the opportunities that I am offered. Based on my personal experience in the modeling and entertainment industries, clients afford significant weight to the reputations of the models they select for a particular promotion or advertising campaign.

8. I have spent considerable time and energy protecting my image and reputation in the modeling industry, including being selective about the jobs that I take.

9. Further, it is my custom and practice to exercise complete control over how my image and likeness are used. Prior to booking a job, I receive specific detailed information about what the job entails and how my image will be used for that particular job, including any subsequent uses of my image. In my experience in the industry and in my own personal experience, any fee associated with each job is negotiated based on the kind of job and my informed assessment of how a particular job may improve my brand or, alternatively, whether that job will harm or diminish my brand. There are certain jobs that I will not accept, and have not accepted, because the harm to my brand would end or significantly diminish my career.

10. The use of my image and likeness is subject to considerable negotiation. My image may only be used with my express authority subject to the terms and conditions of the agreement(s) I have entered into with that particular client.

**The Defendants Willfully Used and Misappropriated My Image and Likeness**

11. Neither BTS North Inc., T.K. Promotions, Inc., P.T.G. Entertainment, Inc., and Booby Trap, Inc., nor any related or affiliated entity or individual acting on their behalf, ever sought my permission or consent to use or alter my image to advertise, promote, market or endorse BTS North Inc., T.K. Promotions, Inc., P.T.G. Entertainment, Inc., and Booby Trap, Inc., the stripper lifestyle generally or the full friction and full nudity lifestyle activities that take place at BTS North Inc., T.K. Promotions, Inc., P.T.G. Entertainment, Inc., and Booby Trap, Inc.

12. Based on my experience in the modeling industry and history with modeling work, if asked, I can say without reservation that I would never have permitted or consented to Defendants' use or alteration of my image or to associate me in any way with BTS North Inc., T.K. Promotions, Inc., P.T.G. Entertainment, Inc., and Booby Trap, Inc., the stripper lifestyle generally or the full friction and full nudity lifestyle activities that take place at BTS North Inc., T.K. Promotions, Inc., P.T.G. Entertainment, Inc., and Booby Trap, Inc.

13. Defendants' unauthorized use of two of my images associates me personally with BTS North Inc., T.K. Promotions, Inc., P.T.G. Entertainment, Inc., and Booby Trap, Inc., the stripper lifestyle generally or the full friction and full nudity lifestyle activities that take place at BTS North Inc., T.K. Promotions, Inc., P.T.G. Entertainment, Inc., and Booby Trap, Inc..

14. Without my permission, Defendants used and altered my images, as reflected in **Exhibit A** of the Complaint, to advertise and promote the stripper lifestyle generally or the full friction and full nudity lifestyle on the Defendants' premises, and to represent, suggest or imply

that I work for or am somehow affiliate with Defendants, agreed to participate in the advertising campaign, endorsed BTS North Inc., T.K. Promotions, Inc., P.T.G. Entertainment, Inc., and Booby Trap, Inc., and Defendants' full friction and full nudity lifestyle activities, that I personally participated in the stripper lifestyle generally or the full friction and full nudity lifestyle activities, and/or that I may appear at full friction and full nudity lifestyle activities at BTS North Inc., T.K. Promotions, Inc., P.T.G. Entertainment, Inc., and Booby Trap, Inc.. All such representations, suggestions or implications are false.

15.  I never worked for Defendants in any capacity, never agreed to associate with Defendants, never agreed to participate in Defendants' advertising campaigns, never agreed to endorse (and do not endorse or support) Defendants and their stripper lifestyle generally or the full friction and full nudity lifestyle activities, do not participate in the stripper lifestyle generally or the full friction and full nudity lifestyle activities, and never agreed (and would never agree) to appear at the activities being advertised.

16.  I was never offered, nor have I actually received, any compensation for Defendants' use of my images and likeness from BTS North Inc., T.K. Promotions, Inc., P.T.G. Entertainment, Inc., and Booby Trap, Inc..

17.  Defendants' unauthorized use and alteration of my images deprived me of the opportunity to say "no" which I am always afforded with for all of my modeling work. Defendants' unauthorized use and alteration also deprived me of the right to control my career, and forced me to endorse a brand and lifestyle that I do not agree with and find disreputable and offensive.

18.  When I learned that Defendants had used my images without my authority or consent, I agreed to my counsel sending a cease and desist demand letter to Defendants demanding that they immediately cease using my images, remove them from their websites and social media,

and to compensate me for their unauthorized use and alteration of my images. Defendants failed to compensate me. When Defendants refused to comply with the terms of the cease and desist letter, I agreed to commencing a lawsuit in order to protect my images. Defendants' acts and omissions evidence an intent to harm my brand and professional reputation.

**Retrospective Fair Market Valuation Damages Assessment**

19. Because Defendants used my images without my permission or consent for an obvious commercial purpose (to attract members and customers to BTS North Inc., T.K. Promotions, Inc., P.T.G. Entertainment, Inc., and Booby Trap, Inc for their stripper lifestyle generally or the full friction and full nudity lifestyle activities), I am entitled to fair compensation. Based on my experience in the modeling and talent industries, I or my representatives acting on my behalf, have negotiated prospectively to reach agreement on terms and conditions relating to usage and compensation. As stated above, under no circumstances and for no dollar amount would I have ever agreed to appear in an advertisement for Defendants or their stripper lifestyle generally or the full friction and full nudity lifestyle activities, if asked in advance. Defendants deprived me of the opportunity to reject or decline the opportunity and used my images anyway. Retrospectively estimating the fair market value of use of my images in a situation where my image has been stolen is very different from the typical process of negotiating prospectively that is customary for me in the modeling and entertainment industries.

20. I have reviewed the Expert Report of Stephen Chamberlin of September 7, 2017 and agree with Mr. Chamberlin's conservative, retrospective fair market valuation of at least $15,000 for each separate usage of a single image of me. Therefore, given what I have learned about Defendants and their usage and alteration of two of my images, if asked to provide a retrospective fair market valuation range, I would demand compensation of at least $90,000. This

valuation range does not include and is exclusive of monetary damages that might be available under damages theories other than a fair market valuation.

**I swear and affirm that all matters stated herein are true and accurate to the best of my knowledge.**

Executed this ____ day of _____, 2017.   October 12, 2017

By: _____
Cielo Jean Gibson