UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CIELO JEAN GIBSON, et al.,**

    **Plaintiffs,**

v.                                      Case No.: 1:16-CV-24548-MGC

**BTS NORTH, INC., et al.,**

    **Defendants.**
_____/

**DEFENDANTS' RESPONSE TO STATEMENT OF UNDISPUTED FACTS [RTSOUF] AND ADDITIONAL FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Defendants, BTS NORTH, INC., d/b/a BOOBY TRAP; T.K. PROMOTIONS, INC., d/b/a BOOBY TRAP; P.T.G. ENTERTAINMENT, INC., d/b/a BOOBY TRAP; and BOOBY TRAP, INC., d/b/a BOOBY TRAP,, by and through the undersigned counsel and pursuant to Rule 56, Fed.R.Civ.P., and to Local Rule 56.1, respectfully provides this Response to Statement of Undisputed Facts in opposition to Plaintiff's Motion for Summary Judgment (Doc. 38) and would state as follows:

**RESPONSE**

**A.   Plaintiffs' Background and Work in the Modeling and Entertainment Industries**

1.    While each Plaintiff may a professional model, actress and/or businesswoman who earns or has earned a living by promoting her image, likeness and/or identity (collectively "image") to select clients, commercial brands, media and entertainment outlets, no Plaintiff has alleged any specific loss or damage. (*See generally* Gibson Dec. [**Ex. 1**]; Skinner Dec. [**Ex. 2**]; Kindle Dec. [**Ex. 3**]; Whitten Dec. [**Ex. 4**]; Vickers Dec. [**Ex. 5**];

1

Mitcheson Dec. [**Ex. 6**]; Takeguma Dec. [**Ex. 7**]; Pepaj Dec. [**Ex. 8**]; Burciaga Dec. [**Ex. 9**]; Posada Dec. [**Ex. 10**]; Kazdova Dec. [**Ex. 11**]; Canas Dec. [**Ex. 12**]; and Quarles Dec. [**Ex. 13**].)

2. While each Plaintiff may seek to control the use and dissemination of her image, or may have been vigilant in building and protecting her brand from harm, taint or other diminution, the images at issue were widely available and simply "shared" from Facebook. See *Id* and Declaration of Darren Franclemont, p. 2, par. 8.

3. Absolutely nothing in Exhibits A through M to the Complaint say anything about, nor does any Exhibit "advertise, promote, market or endorse Defendants' *full friction and full nudity lifestyle activities and business*." See Doc. 1, Exhibit A through M.

4. No Plaintiff is entitled to be compensated for "at least the calculated fair market value for each use of each Plaintiff's image" in the Chamberlin Report, because Mr. Chamberlin arrived at his "fair market" value for the Plaintiffs by an inherently impossible methodology, where he "attempts to recreate a negotiation process in which there would never be a willing seller," and simply indicates that "to the extent available," he further considered such documents as modeling contracts and agreements, contractor 1099 forms, employee W-2 forms, earnings statements, releases and related records, but there is no indication in the Report as to whom he actually obtained this information for, or as to how he factored it into to the totally nebulous formula he describes as using to reach his conclusions. (*See* Chamberlin Report [**Ex. 15**], and Declaration of Darren Franclemont, p. 2, par. 14-16.

5. Additionally, no Plaintiff provides any information or methodology other than "agreeing" with Chamberlin, and stating what she would "demand," not what her prior

payments for any "photo shoots" or modeling sessions actually provided her. *see generally* Gibson Dec. [**Ex. 1**]; Skinner Dec. [**Ex. 2**]; Kindle Dec. [**Ex. 3**]; Whitten Dec. [**Ex. 4**]; Vickers Dec. [**Ex. 5**]; Mitcheson Dec. [**Ex. 6**]; Takeguma Dec. [**Ex. 7**]; Pepaj Dec. [**Ex. 8**]; Burciaga Dec. [**Ex. 9**]; Posada Dec. [**Ex. 10**]; Kazdova Dec. [**Ex. 11**]; Canas Dec. [**Ex. 12**]; and Quarles Dec. [**Ex. 13**].)

  B.    **Defendants Booby Trap Entities**

6. While it is true that Defendant BTS North, Inc. has owned and operated a gentlemen's club named Booby Trap ("Booby Trap Doral") located at 5325 NW 77th Avenue, Miami, Florida 33166, however nothing in Exhibits A through M to the Complaint say anything about, nor does any Exhibit "advertise, promote, market or endorse Defendants' full friction and full nudity lifestyle activities and business," nor mention that any Club "engages in the business of entertaining its patrons with nude female dancing and alcohol." See Doc. 1, Exhibits A through M.

7. It is true that Defendant T.K. Promotions, Inc. has owned and operated a gentlemen's club named Booby Trap ("Booby Trap South Miami") located at 5922 S. Dixie Highway, South Miami, Florida 33143, nothing in Exhibits A through M to the Complaint say anything about, nor does any Exhibit "advertise, promote, market or endorse Defendants' full friction and full nudity lifestyle activities and business," nor mention that any Club "engages in the business of entertaining its patrons with nude female dancing and alcohol." See Doc. 1, Exhibits A through M.

8. Defendant P.T.G Entertainment, Inc. has owned and operated a gentlemen's club named Booby Trap ("Booby Trap Pompano") located at 2840 Hammondville Road, Pompano Beach, Florida 33069, nothing in Exhibits A through M to the Complaint say

3

anything about, nor does any Exhibit "advertise, promote, market or endorse Defendants' full friction and full nudity lifestyle activities and business," nor mention that any Club "engages in the business of entertaining its patrons with nude female dancing and alcohol." See Doc. 1, Exhibits A through M.

9. Defendant Booby Trap, Inc. has also owned and operated a gentlemen's club named Booby Trap ("Booby Trap Pompano") located at 2840 Hammondville Road, Pompano Beach, Florida 33069, however nothing in Exhibits A through M to the Complaint say anything about, nor does any Exhibit "advertise, promote, market or endorse Defendants' full friction and full nudity lifestyle activities and business," nor mention that any Club "engages in the business of entertaining its patrons with nude female dancing and alcohol." See Doc. 1, Exhibits A through M.

10. No *Defendant* knew that it did not have full rights to use the images at issue, since as it pertains to the images attached as Exhibits to the Complaint in this action (the "Exhibits"), every one of these Exhibits was prepared by an independent third party contractor, J DOG MEDIA, INC., (J DOG) for placement on the various Clubs' Facebook pages. See Declaration of Phil Gori, p. 1, p. 2.

11. Plaintiffs' expert, Dr. Martin Buncher's Report uses promotional materials from *different* clubs that are entirely different in format and style than the Exhibits created by Mr. Franclemont for J DOG MEDIA, INC. (See Buncher Report, pp. 54-63).

12. Additionally, The Buncher Report, in that portion utilized for the "Survey," shows only three *images*, many *not the actual promotional materials at issue* (See Buncher Report, pp. 68-77).

**C.     None of Defendants' Own Employees Have Created and Posted the Subject Advertisements to Defendants' Social Media Pages**

13.     While it may be true that Defendants' office manager, Patricia Petinato, testified that promotions "such as" the subject images in this case are usually created by the managers of the Clubs," she never testified that any of the actual Exhibits to the Complaint were posted by anyone specifically, and it is undisputed that every Exhibit was posted by, as it pertains to the images attached as Exhibits to the Complaint in this action (the "Exhibits"), they were posted by an independent third party contractor, J DOG MEDIA, INC., (J DOG) for placement on the various Clubs' Facebook pages. (Petinato Depo. [**Ex. 19**] 51:5-55:12, 57:10-18; See Declaration of Phil Gori, p. 1, par. 2 and 7; see Declaration of Darren Franclemont, p. 2. Par. 3).

**C.     Additional Undisputed Facts**

14.     Under no circumstances did anyone associated with the Clubs direct Mr. Franclemont or J DOG MEDIA, INC., to use any specific individual for use in any of the Exhibits, ask that the Exhibits advertise that any person in any image would be present at any Club, or ask that Mr. Franclemont or J DOG MEDIA, INC., use any image to suggest that the person in that image "endorsed" any of the Clubs. (See Declaration of Darren Franclemont, p. 2. Par. 4; Declaration of Phil Gori, p. 1. Par. 3).

15.     Under no circumstances did any of the Exhibits state the name or provide the identity of any person in the image. (See Declaration of Darren Franclemont, p. 2. Par. 5; Declaration of Phil Gori, p. 1. Par. 4).

16.     Under no circumstances did any of the Exhibits state, nor were they intended to "advertise," that the person in the image would be present at any of the Clubs. (See Declaration of Darren Franclemont, p. 2. Par. 6; Declaration of Phil Gori, p. 1. Par. 5).

17. Under no circumstances did any of the Exhibits state that the person in the image endorsed any of the Clubs, nor was there any intent in the creation of any of the Exhibits to give the impression that any person in the image "endorsed" any of the Clubs. (See Declaration of Darren Franclemont, p. 2. Par. 7; Declaration of Phil Gori, p. 1. Par. 6).

18. In procuring the images at issue, the images were not altered in any way, and were located by Mr. Franclemont, acting for J DOG MEDIA, INC., on other Facebook sites and pages, none of which were Facebook pages associated with, or describing by name, any Plaintiff, and all of which invited "sharing" on the internet. (See Declaration of Darren Franclemont, p. 2. Par. 8).

19. The images identified as Exhibits to the Complaint were "clicked" and placed on the various Clubs' Facebook pages solely because the images depicted attractive females, and not on the basis of any person's identity, celebrity, popularity, or any personal basis or characteristic associated with any particular Plaintiff. (See Declaration of Darren Franclemont, p. 2. Par. 9).

20. Additionally, in looking at the Report prepared by Martin Buncher, and seeking to verify what, if any, survey questions related to the Exhibits prepared and disseminated by J DOG, I note that the Buncher Report does not utilize all of the images at issue. (See Declaration of Darren Franclemont, p. 2. Par. 10).

21. The Buncher report uses promotional materials from *different* clubs that are entirely different in format and style that the Exhibits Mr. Franclemont created and posted (Report pp. 54-63). (See Declaration of Darren Franclemont, p. 2. Par. 11).

22.     The Buncher Report, in that portion utilized as for the "Survey," shows only three *images*, many ***not the actual promotional materials at issue*** (Report pp. 68-77). (See Declaration of Darren Franclemont, p. 2. Par. 12).

23.     In Mr. Franclemont's experience in developing concepts and creating advertising campaigns for Gentlemen's Clubs such as the Booby Trap Clubs, he has personally supervised the conduct of "photo shoots" and the price for any model used for a generic photo shoot was less than $500 for an entire day, which photo shoot included "Penthouse Pets," very popular at the time. (See Declaration of Darren Franclemont, p. 2. Par. 13).

24.     Mr. Franclemont reviewed the Chamberlin Report, and looked to see if there were any explanations of how Mr. Chamberlin arrived at his "fair market" value for the Plaintiffs, where he "attempts to recreate a negotiation process in which there would never be a willing seller." (See Declaration of Darren Franclemont, p. 2. Par. 14).

25.     Mr. Chamberlin indicates that "to the extent available," he further considered such documents as modeling contracts and agreements, contractor 1099 forms, employee W-2 forms, earnings statements, releases and related records, but there is no indication in the Report as to whom he actually obtained this information for, or as to how he factored it into to the totally nebulous formula he describes as using to reach his conclusions. (See Declaration of Darren Franclemont, p. 2. Par. 15).

26.     As it pertains to the use of any image in any Exhibit, there is no proof in any of the vast financial records given to the Plaintiffs to suggest that the use of any Plaintiffs' image in any Exhibit had any appreciable positive impact for the event or dates the Exhibit related to. (See Declaration of Phil Gori, p. 2. Par. 8).

Respectfully Submitted.

Date: <u>November 9, 2017</u>          /s/ Luke Lirot
                                                  Luke Lirot, Esquire
                                                  Florida Bar Number: 714836
                                                  Luke Charles Lirot, P.A.
                                                  2240 Belleair Road, Suite 190
                                                  Clearwater, FL  33764
                                                  Telephone: (727) 536-2100
                                                  Facsimile:  (727) 536-2110
                                                  E-mail: luke2@lirotlaw.com
                                                  *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on November 9, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties in this case.

                                                  /s/Luke Lirot

                                                  Luke Lirot, Esquire
                                                  Florida Bar Number 714836