IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CIELO JEAN GIBSON, CORA SKINNER, VIVIAN KINDLE, ALICIA WHITTEN, ASHLEY VICKERS, DESSIE MITCHESON, DEVIN JUSTINE TAKEGUMA, EVA PEPAJ, JESSICA BURCIAGA, LINA POSADA, MARKETA KAZDOVA, PAOLA CANAS, and TINA QUARLES,

     Plaintiffs,

- against -

BTS NORTH, INC. d/b/a BOOBY TRAP; T.K. PROMOTIONS, INC. d/b/a BOOBY TRAP; P.T.G. ENTERTAINMENT, INC. d/b/a BOOBY TRAP; and BOOBY TRAP, INC. d/b/a BOOBY TRAP,

     Defendants.

Case No.: 1:16-CV-24548-MGC

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs CIELO JEAN GIBSON, et al. (collectively, the "Plaintiffs"), hereby file their Reply to Defendants BTS NORTH, INC., d/b/a BOOBY TRAP; T.K. PROMOTIONS, INC., d/b/a BOOBY TRAP; P.T.G. ENTERTAINMENT, INC., d/b/a BOOBY TRAP; and BOOBY TRAP, INC., d/b/a BOOBY TRAP's Response in Opposition to Plaintiffs' Motion for Summary Judgment (the "Opposition") (ECF No. 41) and in further support of Plaintiffs' Motion for Summary Judgment (the "Motion") (ECF No. 38), state as follows:

**INTRODUCTION**

Whether it is Defendants' not-quite-clever depiction of the Plaintiff models as commoditized buckets of breasts and legs available for consumption at volume discounts like fast food combo meals, (*see* ECF No. 41, at 5), or Defendants' not-so-subtle mantra that when a model says "no" she actually means "yes," or their insulting suggestion that discerning a woman's true

1

intentions can be reduced to a superficial assessment of her attire in a single image (stolen by Defendants, no less), (*see id*.), it should come as no surprise why Plaintiffs have chosen to pursue this action against Defendants. It is conclusively established in this case that forced affiliation with Defendants and their strip clubs is abjectly harmful to each Plaintiff's business reputation. Through the hyperbole, unsupported argument, conflation and confusion of entirely different Lanham Act disciplines, and far too many misogynistic references to count, Defendants have failed to establish the existence of a genuine issue of material fact to defeat summary judgment. Plaintiffs are entitled to summary judgment on all claims and damages.

## ARGUMENT

**A.  Defendants' Response to Statement of Undisputed Facts and Additional Undisputed Facts Establishe Why Plaintiffs Are Entitled to Summary Judgment**

Defendants' Response to Statement of Undisputed Facts and Additional Undisputed Facts (ECF No. 42) ("DRSOUF") is a true misnomer. Hardly a single, additional fact is stated. Even those purported facts that are set forth in the Additional Undisputed Facts are utterly unsupported by record evidence and, in many cases are contradicted by actual undisputed record evidence. A party opposing summary judgment may not rely on conclusory or self-serving statements, but must cite to record evidence that contains factual information that raises a genuine dispute of material fact. *See LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1370 (S.D. Fla. 1999) (noting that a nonmoving party may not avoid summary judgment by resting on the pleadings, but must produce evidence such as "depositions, answers to interrogatories or admissions" showing that there is an issue for trial.); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa v. Brown*, 787 F. Supp. 1424, 1427 (S.D. Fla. 1991) ("[T]he opposing party has a duty to present affirmative evidence in order to defeat a properly supported motion for summary judgment."). Although the deficiencies are *passim* in the DRSOUF, they are described below:

2

Defendants make factually untrue statements, misrepresent the record evidence, and mischaracterize deposition testimony. (*See, e.g.,* DRSOUF 1, 2, 3, 6, 7, 8, 9, 10, 11, 13, 14, 16, 17, 18, 19, 21, 23, 24, 26.)

Defendants erroneously contend that Plaintiffs have "no evidence" while utterly ignoring record evidence from Plaintiffs and Defendants' own documents and testimony. (*See, e.g.,* DRSOUF 1, 3, 4, 5, 6, 7, 8, 9, 16, 17, 26.)

Defendants provide legal argument or conclusory allegations that cannot defeat summary judgment. (*See, e.g.,* DRSOUF 1, 15, 16, 17, 18, 19, 23, 26.)

Defendants attempt to re-cast their purported evidence proffered by Darren Franclemont – a person that has not been identified as an expert in this matter, which makes his Declaration attached to Defendants' Opposition as Exhibit 1 and statements in DRSOUF improper. (*See, e.g.,* DRSOUF 4, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25.)

Defendants also attempt to smuggle in an improper "expert" report to rebut the expert report and opinions of Martin Buncher, Plaintiffs' consumer confusion and deception expert, who Defendants not only declined to depose, but provided no rebuttal or counter confusion report. (*See, e.g.,* DRSOUF 20, 21, 22, 23.)

**B.     Defendants Deliberately Misstate and Misapply the Applicable Law Governing Claims Under the Lanham Act**

Defendants cannot dispute that Plaintiffs have stated the correct standard for false advertising and false endorsement. Nor can Defendants reasonably dispute that each element of Plaintiffs' claims is supported by the evidence in the record. For this reason, Defendants do not challenge Plaintiffs' statement of the law or the application of the facts to each element of their claims. Rather, with no authority or evidence beyond their own threadbare assertions, Defendants mischaracterize the applicable law on false advertising and false endorsement, as follows:

1. <u>False advertising and false endorsement claims under the Lanham Act have no competitive injury requirement.</u>

Defendants erroneously contend that Plaintiffs must establish a "competitive injury" to have standing for a Lanham Act claim. (ECF No. 41 at 6.) On the contrary, standing under the Lanham Act is not limited to direct competitors of a defendant, but extends to anyone that can "plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the . . . [defendant's] misrepresentations." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1395 (2014); *see also Tobinick v. Novella*, 142 F. Supp. 3d 1275, 1279 (S.D. Fla. 2015), *aff'd sub nom. Edward Lewis Tobinick, MD v. Novella*, 848 F.3d 935 (11th Cir. 2017) ("the Supreme Court recently ruled that a plaintiff does not need to show defendant was in commercial competition with plaintiff to have standing under the Lanham Act.") Defendants ignore *Lexmark* for this proposition and rely on case law that predates the Supreme Court's decision. Defendants do, however, rely on *Lexmark* elsewhere in their Opposition, but the proposition for which they cite it – the necessity of demonstrating consumer confusion and deception, and material impact on the consumer purchasing decision (*see* ECF 41 at 9) – is amply supported by the un-rebutted testimony and report of Martin Buncher, Plaintiffs' confusion and deception survey expert.

2. <u>Defendants improperly rely on caselaw that is inapposite and unrelated to Plaintiffs' claims.</u>

Defendants erroneously rely on trademark infringement and trademark dilution cases, *see, e.g. YKK Corp. v. Jungwoo Zipper Co.*, 213 F. Supp. 2d 1195, 1199 (C.D. Cal. 2002) (trademark infringement case); *Am. Int'l Grp., Inc. v. London Am. Int'l Corp.*, 664 F.2d 348, 351 (2d Cir. 1981) (same); *Dallas Cowboys Cheerleaders, Inc. v. Pussycat Cinema, Ltd.*, 604 F.2d 200, 202 (2d Cir. 1979) (same); *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir. 1979) (same);

4

*Donchez v. Coors Brewing Co.*, 392 F.3d 1211, 1215 (10th Cir. 2004) (same), that are not relevant to Plaintiffs' claims for false advertising and false endorsement.

**C.      Defendants Fail to Identify any Record Evidence that Creates a Genuine Dispute Over any Material Fact Sufficient to Defeat Summary Judgment**

Defendants cite to no admissible record evidence for their argument that Plaintiffs have failed to establish a single element of either their Lanham Act false advertising claim, or the Lanham Act false endorsement claim. What "facts" Defendants do advance – that Plaintiffs are not celebrities, (*see* ECF No. 41, at 5), or that there is no evidence of any "confusion" about whether any Plaintiff endorsed, sponsored or supported Defendants' clubs or lifestyle or might attend any activities at the clubs, (*id*. at 7-10), or that the advertisements with each Plaintiff's image had a material impact on the decision of each survey participant whether to visit the Defendants' clubs are belied by the record. Defendants utterly ignore the Report and Survey of Martin Buncher which received data that demonstrated a remarkably high rate of confusion and deception, as well as material impact on consumer purchasing decision-making.

Plaintiffs have provided undisputed record evidence that they are celebrities in their profession. (See ECF No. 38 ¶¶ 1-2; 38, Ex. 15 at 15-46.) Additionally, the Buncher Report is undisputed and unchallenged by any defense rebuttal expert, competing consumer survey, or any other record evidence. It indisputably establishes that Plaintiffs were presumed by the general public to have worked at, been affiliated with, endorsed, and consented to the use of their images by Defendants to advertise, promote, market or participate in or appear at the specific events for which their images were utilized. (ECF No. 38 ¶ 29.) The Buncher Report also indisputably establishes that consumers believed that they might encounter the Plaintiffs at the Club, and that Defendants' advertisements suggest that Plaintiffs' sponsored or approved Defendants' product or service. *Id*.. And, Defendants' distasteful analogy to advertising using Colonel Sanders actually

5

supports, rather than undermines, Plaintiffs' claims. The Buncher Report establishes that survey participants overwhelmingly believed, in fact, they might actually see each model at the Club. *Id.*. Such evidence is undisputed.

Additionally, contrary to Defendants' unsupported contention, Plaintiffs have submitted ample and undisputed evidence of losses and damages. (*See* ECF No. 38 ¶¶ 11, 20, 47, 48, 49.)

Because they have failed to marshal any evidence to the contrary, Defendants instead challenge Mr. Buncher's survey and report through unsupported statements in their Opposition. (ECF No. 42 at 20-22.) Yet, Defendants provide no evidence to rebut or dispute the survey nor can they since they engaged no consumer survey expert of their own, nor did they depose Mr. Buncher despite having ample opportunity to do so.

Defendants may also not proffer Darren Franclemont's opinion to rebut that of Mr. Buncher. Franclemont was not offered as a consumer confusion expert, but as someone that "has been active in the creation, preparation and distribution of advertising." (ECF No. 41-1 at 1.) While critical of Mr. Buncher's methodology, Defendants provide no expert rebuttal report or anything other than conclusory challenges and rote citations to out-of-context guidance that would cast doubt on Mr. Buncher's report or his methodology. (*See, e.g.,* ECF No. 42 at 20.) The undisputed expert evidence in the record establishes that Mr. Buncher followed both industry and legal standards in conducting his survey and report, including, among other things, (i) properly defining the universe of his survey, (ii) selecting a representative sample, (iii) properly framing questions to the survey participants, (iv) using sound interviewing procedures, and (v) relying on accurately reported data, to provide his conclusions to this Court. (ECF No. 38, Ex. 16.)

There being no genuine issue of material fact as to Mr. Buncher's conclusions, or any other record evidence on any element, Plaintiffs are entitled to summary judgment on their claims.

    **D.**    **Defendants Fail to Provide Any Evidence to Create a Factual Dispute on Plaintiffs Entitlement to and Valuation of Damages.**

Defendants do not dispute that they used Plaintiffs' images for advertisements, that they did so for commercial purposes, that they did not have the consent of any Plaintiff before doing so, and that they did not compensate any Plaintiff for such use. Defendants, however, challenge Plaintiffs' damages expert, Mr. Chamberlin's fair market valuation on grounds that he overstated the amount of damages, but provides no challenge to Chamberlin's methodology or data relied upon. Nor did Defendants provide an independent fair market value assessment corresponding to the use of each Plaintiff's image to dispute Chamberlin's fair market value assessment. In short, Defendants provide no facts to create a dispute issue of fact as to Mr. Chamberlin's fair market valuation, or Plaintiffs' own testimony in their declarations regarding entitlement to and quantification of damages. Defendants have thus failed to present any evidence sufficient to create a dispute of fact over Plaintiffs' entitlement to or valuation of damages. Based on the foregoing, Plaintiffs are entitled to summary judgment on damages.

    **E.**    **Defendants' Argument That Plaintiffs' Images Were Already Published Online Does Not Prevent the Court from Granting Summary Judgment on Plaintiffs' Fla. Stat. § 540.08, Common Law Right of Publicity, Fla. Stat. § 772.11: Civil Theft and Common Law Conversion Claims (COUNTS III - VI)**

Defendants base their arguments on the assertion that because the subject images as identified in Exhibits A to M to the Complaint (ECF No. 38, Ex. 14) "were available on Facebook and "shared" on Facebook, Plaintiffs simply have no "property" right in the nebulous concept of images widely available in the internet." (ECF No. 41, at 16.) Defendants provide absolutely zero evidence to support their claims or even an explanation on how the subject images were "shared" on Facebook or that they were available on Facebook before Defendants decided to use them for commercial purpose. Even if Defendants were able to prove that the subject images were published

7

on other Facebook pages, Defendants still had no permission to use those images for their own commercial purpose without authorization from Plaintiffs. The cases cited by Defendant deal with a different category of the right to privacy violations – public disclosure of private facts – the dissemination of truthful private information, which a reasonable person would find objectionable. The case at bar does not deal with this category of the right to privacy, instead it deals with the first category of the invasion of privacy – Defendants' appropriation of professional models' images and likenesses for Defendants' marketing and promotional benefit. Therefore, the defense of "republication of facts" is not applicable here, as it pertains to a completely different category of privacy rights violations. Lastly, Defendants have not taken a single deposition of any of the Plaintiffs to dispute the ownership of the subject images. As such, Defendants have not and cannot present any evidence that the subject images belong to anyone other than the Plaintiffs themselves. Based on the foregoing, Plaintiffs are entitled to summary judgment on their claims.

**F.     Defendants' Created Additional Element in Unjust Enrichment Claim Is Not Recognized In Law (COUNT VII)**

In *Circle Fin. Co. v. Peacock,* 399 So. 2d 81, 84 (Fla. 1st DCA 1981), the First District described the basis of the equitable remedy of unjust enrichment as follows: "Unjust enrichment is characterized as the effect of a failure to make restitution for property received by one under such circumstances as to give rise to a legal or equitable obligation, thereby requiring such person to account for his retention of the property. Stated differently, the doctrine is a recognition that a person is accountable to another on the ground that if the former were not required to do so, he would unjustly benefit, or the other would unjustly suffer loss." The phrase, "unjust enrichment" is used in law to characterize the result or effect of a failure to make restitution of, or for, property or benefits received under circumstances that give rise to a legal or equitable obligation to account therefor. *Lowry v. Lowry,* 463 So. 2d 540, 541 (Fla. 2d DCA 1985) (quoting 66 Am.Jur.2d,

Restitution and Implied Contracts § 3 (1973)). It is a general principle, underlying various legal doctrines and remedies, that one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made. *Id.* To date, Defendants have not restored the benefits they received from Plaintiffs' images to Plaintiffs; as such, Defendants were unjustly enriched.

Further, Defendants assert that Plaintiffs failed to allege how Plaintiffs conferred a benefit on the Defendants, specifically, the "knowing acceptance" of the benefit conferred. (ECF No. 41, at 17.). However, a "knowing acceptance" is not an element of an unjust enrichment claim. Even in cases where a benefit is conferred by mistake or negligence, "the fact that the claimant may have acted negligently in making a mistaken payment is normally irrelevant to the [unjust enrichment] claim." Restatement (Third) of Restitution and Unjust Enrichment § 6 cmt. a (2011). *Georgia Dep't of Cmty. Health v. U.S. Dep't of Health & Human Servs.*, No. 15-5236, 2016 WL 1695335 (D.C. Cir. Apr. 5, 2016). For those reasons, Plaintiffs are entitled to summary judgment on their unjust enrichment claim.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Summary Judgment (ECF No. 38) in its entirety and grant Plaintiffs such further relief as justice requires.

Dated: November 15, 2017.               Respectfully Submitted,

*/s/ Ludmila Khomiak*
**LUDMILA KHOMIAK, ESQ.**
Florida Bar No.: 91757
THE CASAS LAW FIRM, P.C.
80 S.W. 8th Street, Suite 2000
Miami, FL 33130

>Telephone #: 786-671-3244
>Facsimile #: 786-671-3243
>*Attorney for Plaintiffs*
>Email:  mila@casaslawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 15, 2017, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the following:

**Luke Lirot, Esq.**
Law Offices of Luke Lirot, P.A.
2240 Belleair Road, Suite 190
Clearwater, Florida 33764
luke2@lirotlaw.com
*Attorney for Defendants*

>*/s/ Ludmila Khomiak*
>**LUDMILA KHOMIAK, ESQ.**
>Florida Bar No.: 91757
>mila@casaslawfirm.com