IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CIELO JEAN GIBSON, CORA SKINNER, VIVIAN KINDLE, ALICIA WHITTEN, ASHLEY VICKERS, DESSIE MITCHESON, DEVIN JUSTINE TAKEGUMA, EVA PEPAJ, JESSICA BURCIAGA, LINA POSADA, MARKETA KAZDOVA, PAOLA CANAS, and TINA QUARLES,

    Plaintiffs,

- against -

BTS NORTH, INC. d/b/a BOOBY TRAP; T.K. PROMOTIONS, INC. d/b/a BOOBY TRAP; P.T.G. ENTERTAINMENT, INC. d/b/a BOOBY TRAP; and BOOBY TRAP, INC. d/b/a BOOBY TRAP,

    Defendants.

Case No.: 1:16-CV-24548-MGC

## JOINT PRE-TRIAL STIPULATION

The parties jointly file the following pretrial stipulation pursuant to S.D. Fla. Local Gen. Rule 16.1(e).

    1.    <u>Statement of the Case by Each Party</u>.

        a.    <u>Plaintiffs</u>.

This action arises from Defendants' alleged unauthorized use and theft of Plaintiffs' images and likenesses for the purpose of advertising and promoting their businesses over the course of three years. Each Plaintiff is a professional model who earns a living by promoting her image and likeness to select clients, commercial brands, media and entertainment outlets, as well as relying on her reputation and brand for modeling, acting, hosting, and other opportunities. Plaintiffs claim Defendants did not have permission to use Plaintiffs' images for any marketing and promotional materials, or to advertise, promote and market Defendants' business interests on social media accounts owned, operated, hosted, or controlled by Defendants. Plaintiffs have never had any relation or contract with Defendants or

1

Defendants' employees or representatives. Plaintiffs also claim that Defendants gained an economic windfall by using the images of professional models for their own commercial purposes, without having to compensate Plaintiffs any money for such usage.

      b.    <u>Defendants</u>.

Defendants claim that over the course of the three years complained of by Plaintiffs, Defendants utilized various graphic artists and social media consultants to help promote their business. The understanding with these professionals was that any use of any image in any promotional material would be properly licensed and obtained from a valid source. No direct supervision over these third party service providers was exercised by Defendants over these promotions, since they trusted these professional service providers to do their job in conformity with "industry standards." Only upon the receipt of a "cease and desist" letter from the Plaintiffs did the Defendants know there was any dispute over the use of Plaintiffs' images, and immediately ordered that any such images be taken off any social media site, to the best of their ability.

    2.    <u>Basis of Federal Jurisdiction</u>.

This Court has original federal question jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 as Plaintiffs have each individually stated claims under the Lanham Act, 28 U.S.C. § 1125(a)(1).

    3.    <u>Pleadings Raising the Issues</u>.
      a.    Complaint (DE-1).
      b.    Answer and Affirmative Defenses to Complaint (DE-36).

    4.    <u>Undisposed Motions or Other Matters Requiring the Court's Attention</u>.
      a.    Plaintiffs' Motion for Summary Judgment. (DE-38).
      b.    Defendants' Response in Opposition to Plaintiffs' Motion for Summary Judgment. (DE-41-42).

    c. Reply to Defendants' Response in Opposition to Plaintiffs' Motion for Summary Judgment. (DE-43).

 5. <u>Concise Statement of Uncontested Facts Requiring No Proof at Trial and Reservations</u>.

 Plaintiffs are professional models who make a living by endorsing, promoting, and appearing in advertisements for various clients. Defendants BTS North, Inc.; T.K. Promotions, Inc.; P.T.G. Entertainment, Inc.; and Booby Trap, Inc. are gentleman's clubs organized and existing under the laws of the State of Florida.

 In a span of three years, various images of Plaintiffs were posted on Defendants' social media pages in order to advertise, promote and market BTS North, Inc.; T.K. Promotions, Inc.; P.T.G. Entertainment, Inc.; and Booby Trap, Inc.'s business interests. Defendants did not negotiate or purchase the images. Defendants did not seek or obtain consent or authority to use any of the Plaintiffs' images for any purpose. None of the Plaintiffs agreed to Defendants' use of their images, likeness and/or identity.

 6. <u>Issues of Fact that Remain to Be Litigated</u>.

    a. The following are factual issues which remain to be decided:

 The value of each Plaintiffs' image(s) and the compensation that each Plaintiff is entitled to for the wrongful and non-consensual use of their images.

 Whether Plaintiffs have any "recognizable brand" sufficient to invoke the protections of the Lanham Act.

 Whether Defendants' conduct rises to the level of "false advertising" or "false endorsement" sufficient to invoke the protections of the Lanham Act.

 Whether any of Defendants' affirmative defenses provide any limitation on Plaintiffs' claims.

7. <u>Issues of Law on Which There is Agreement</u>.

The only issues of law on which there is agreement are that this Court has original federal question jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 as Plaintiffs have each individually stated claims under the Lanham Act, 28 U.S.C. § 1125(a)(1), and that this Court has supplemental jurisdiction over the Florida state law claims pursuant to 28 U.S.C. § 1367.

8. <u>Issues of Law Which Remain for Determination by the Court</u>.

Whether Plaintiffs have any "recognizable brand" sufficient to invoke the protections of the Lanham Act.

Whether Defendants' conduct rises to the level of "false advertising" or "false endorsement" sufficient to invoke the protections of the Lanham Act.

Whether Plaintiffs have sufficiently established the elements of the asserted claims.

9. <u>Numbered List of Trial Exhibits & Objections</u>.

Please see attached schedules.

10. <u>Trial Witnesses</u>.

    a. <u>Plaintiffs' Witnesses</u>

1. Stephen Chamberlain
   100 S. Doheny Drive
   Los Angeles, California 90048
   Telephone: 310-666-3629

Mr. Chamberlain will testify generally about the customs and norms in the modeling industry, image use, valuation of images, the types of "usages" of images, how those "usages" affect the value of the images, model and public personality career valuation, and effective rates of work for models working in various forms of media. In addition, he will testify as to the valuation of damage to the career and earning capability of models in connection with the allegations made in the lawsuit filed by Plaintiffs. Specifically, he will testify as to how a model's reputation in the industry and the type of work a model accepts affects her ability to work for other clients. Mr. Chamberlain will testify as to what each of the Plaintiffs would have and should have been compensated for the use of their images by Defendants had they

been asked to give permission to use their images on Defendants' social media, internet, and promotional materials.

        2.        Martin Buncher
                  Intercontinental Marketing Investigations, Inc.
                  PO BOX 2147
                  Rancho Santa Fe, California 92067
                  Telephone: 858-756-1765

Mr. Buncher will testify about the marketing research he has performed in exploring the confusion among consumers exposed to Defendants' advertising in terms of what they understood about Plaintiffs' appearance in the material. He will testify that his survey was designed to measure the degree of confusion and erroneous impressions which have been created by the use of Plaintiff models in the advertising relative to their acting as spokespeople representing the brand, endorsing the brand, and participating in the life style represented. He will also testify that the study considered the fact that Defendants' advertisements used the Internet as the media for their distribution to potential consumers who demonstrated by opting into this advertising that they might be interested in what was being promoted. Mr. Buncher's research method incorporated the collection of data from these targeted respondents by completing self-administered interviews using the Internet. Respondents in the targeted population were exposed to representative ads selected from those used by Defendants. They then responded to a series of closed and open-end questions relating to their perceptions and attitudes resulting from exposure to these ads, along with certain demographic information.

        3.        Plaintiffs' Custodians of Records

Plaintiffs may also call any of the custodians of modeling agencies, agents, or other third parties where Plaintiffs booked modeling jobs. The Custodians may testify live, by deposition or by affidavit to prove that the records are admissible under the Federal Rules of Evidence. Their testimony may also include the total number of jobs booked by Plaintiffs and the amounts earned by Plaintiffs for those jobs.

        4.        Plaintiffs:
                  Cielo Jean Gibson
                  Cora Skinner
                  Vivian Kindle
                  Alicia Whitten
                  Ashley Vickers
                  Dessie Mitcheson
                  Devin Justine Takeguma
                  Eva Pepaj
                  Jessica Burciaga
                  Lina Posada
                  Marketa Kazdova
                  Paola Canas
                  Tina Quarles

>c/o The Casas Law Firm, P.C.
>Brickell Bayview Center
>80 S.W. 8th Street, Suite 2000
>Miami, Florida 33130

Plaintiffs will testify generally about their modelling careers and the earnings associated with them. They will testify as to the nature of the modeling industry, building a brand name for themselves, and how a brand can be affected adversely if a model's image is misappropriated. Plaintiffs will testify specifically about the source of the images used by Defendants, their ownership of the imagery, and their unwillingness to associate themselves with Defendants' strip clubs in addition to the compensation they would have expected to earn if they would have given permission for Defendants to use the images.

    b.    <u>Defendants' Witnesses</u>

1. Phil Gori
   Mr. Gori will testify as to the operations of Booby Trap and the general impact of use of promotions and related matters.

2. Patty Pettinatl
   This witness is the custodian of records for Booby Trap and will testify regarding various bookkeeping matters and related issues.

3. Alfonso Moreno
   This witness will testify as to the process of preparing promotional materials for Gentlemen's Clubs, the process, the expense, and related issues.

4. Al Masters
   Mr. Masters is the accountant for the Defendants and will testify as to financial issues and related matters.

5. Darren Franclemont
   This witness will testify as to the process of preparing promotional materials for Gentlemen's Clubs, the process, the expense, and related issues.

6. Eric Otero
   Mr. Otero will testify as to the operations of Booby Trap and the general impact of the use of promotions and related matters.

7. Luis Fernandez
   Mr. Fernandez will testify as to the operations of Booby Trap and the general impact of the use of promotions and related matters.

8. Enrique Bonilla
   Mr. Bonilla will testify as to the operations of Booby Trap and the general impact of the use of promotions and related matters.

9. George Gettinger

Mr. Gettinger will testify as to the operations of Booby Trap and the general impact of the use of promotions and related matters.

10. Kimmeth Powell

This witness will testify as to the process of preparing promotional materials for Gentlemen's Clubs, the process, the expense, and related issues.

11. Macy John

This witness will testify as to the process of preparing promotional materials for Gentlemen's Clubs, the process, the expense, and related issues.

11. All witnesses disclosed by the Plaintiffs.

11. All witnesses needed for rebuttal purposes.

   c/o Law Office of Luke Lirot
   2240 Belleair Road, Suite 190
   Clearwater, Florida 33764

11. Estimated Trial Time.

   a. Plaintiffs' Estimate: Five Days, Jury.

   b. Defendants' Estimate: Five Days, Jury.

12. Estimated Maximum Attorney's Fees Allowable. Plaintiffs' estimate that the maximum allowable attorneys' fees in this action will be $500,000.

13. Plaintiffs' Damages

Plaintiffs intend to claim monetary damages in the following categories:

*a.) Actual Damages and Reasonable Royalty under Fla. Stat. §540.08(2):*

   i. Cielo Jean Gibson- $90,000.00
   ii. Cora Skinner- $270,000.00
   iii. Vivian Kindle- $150,000.00
   iv. Alicia Whitten- $30,000.00
   v. Ashley Vickers- $900,000.00
   vi. Dessie Mitcheson- $180,000.00
   vii. Devin Justine Takeguma- $45,000.00
   viii. Eva Pepaj- $90,000.00
   ix. Jessica Burciaga- $630,000.00
   x. Lina Posada- $90,000.00
   xi. Marketa Kazdova- $60,000.00

      xii.     Paola Canas- $90,000.00
      xiii.    Tina Quarles- $45,000.00

                TOTAL: $2,670,000.00

*b.) Punitive Damages:* $6,675,000.00

*c.) Compensatory Damages:* $2,670,000.00

*d.) Disgorgement of profits:* $548,000.00

*e.) Pre-judgment and post-judgment interest:* $2,670,000.00 times 6% interest from date of filing of lawsuit until date of judgment.

*f.) Treble the amount of actual damages under Fla. Stat. § 772.11(1):* $8,010,000.00

*g.) Attorneys' fees and costs:* $500,000.00 in attorneys' fees and $125,000.00 in costs.

| | |
|---|---|
| */s/ Luke Lirot*_____ | */s/ Ludmila Khomiak*_____ |
| Luke Lirot, Esq. | Ludmila Khomiak, Esq. |
| Florida Bar Number: 714836 | Florida Bar Number: 91757 |
| LAW OFFICES OF LUKE LIROT, P.A. | THE CASAS LAW FIRM, P.C. |
| 2240 Belleair Road, Suite 190 | Brickell Bayview Center |
| Clearwater, FL 33764 | 80 S.W. 8th St., Suite 2000 |
| Telephone #: 727-536-2100 | Miami, FL 33130 |
| Facsimile #: 727-536-2110 | Telephone #: 786-671-3244 |
| luke2@lirotlaw.com | Facsimile #: 786-671-3243 |
| Attorney for DEFENDANTS | mila@casaslawfirm.com |
| Date:____January 11, 2018_____ | Attorney for PLAINTIFFS |
| | Date:___January 11, 2018_____ |

Schedule A

The Plaintiffs may offer the following exhibits at trial and the Defendants may object to the admission of those exhibits on the indicated grounds:

Objection Codes:

| | |
|---|---|
| A | Authenticity |
| I | Contains inadmissible matter |
| R | Relevancy |
| H | Hearsay |
| UP | Unduly Prejudicial |
| P | Privileged |

| No. | Description of Exhibit | Objections |
|---|---|---|
| PX1 | CV of Martin Buncher | |
| PX2 | Expert Report and Study of Martin Buncher | |
| PX3 | Expert Report of Stephen Chamberlin | |
| PX4 | CV of Stephen Chamberlin | |
| PX5 | Misappropriated Images of Cielo Jean Gibson | |
| PX6 | Misappropriated Images of Cora Skinner | |
| PX7 | Misappropriated Images of Vivian Kindle | |
| PX8 | Misappropriated Images of Alicia Whitten | |
| PX9 | Misappropriated Images of Ashley Vickers | |
| PX10 | Misappropriated Images of Dessie Mitcheson | |
| PX11 | Misappropriated Images of Devin Justine Takeguma | |
| PX12 | Misappropriated Images of Eva Pepaj | |

| PX13 | Misappropriated Images of Jessica Burciaga | |
|---|---|---|
| PX14 | Misappropriated Images of Lina Posada | |
| PX15 | Misappropriated Images of Marketa Kazdova | |
| PX16 | Misappropriated Images of Paola Canas | |
| PX17 | Misappropriated Images of Tina Quarles | |
| PX18 | BTS North, Inc. Dancer Performance Lease Agreement | |
| PX19 | T.K. Promotions, Inc. Dancer Performance Lease Agreement | |
| PX20 | Deposition of Philip Gori and Exhibits | |
| PX21 | Deposition of Patricia Pettinato and Exhibits | |
| PX22 | Deposition of Luis Fernandez and Exhibits | |
| PX23 | Deposition of George Gettinger and Exhibits | |
| PX24 | Deposition of Enrique Bonilla and Exhibits | |
| PX25 | Deposition of Eric Otero and Exhibits | |
| PX26 | Earnings Documents for Cielo Jean Gibson | |
| PX27 | Earnings Documents for Cora Skinner | |
| PX28 | Earnings Documents for Jessica Burciaga | |
| PX29 | Earnings Documents for Vivian Kindle | |
| PX30 | Earnings Documents for Alicia Whitten | |
| PX31 | Earnings Documents for Ashley Vickers | |
| PX32 | Earnings Documents for Dessie Mitcheson | |
| PX33 | Earnings Documents for Devin Justine Takeguma | |

| PX34 | Earnings Documents for Eva Pepaj | |
| --- | --- | --- |
| PX35 | Earnings Documents for Jessica Burciaga | |
| PX36 | Earnings Documents for Lina Posada | |
| PX37 | Earnings Documents for Marketa Kazdova | |
| PX38 | Earnings Documents for Paola Canas | |
| PX39 | Earnings Documents for Tina Quarles | |
| PX40 | Portfolio Pictures of Cielo Jean Gibson | |
| PX41 | Portfolio Pictures of Cora Skinner | |
| PX42 | Portfolio Pictures of Vivian Kindle | |
| PX43 | Portfolio Pictures of Alicia Whitten | |
| PX44 | Portfolio Pictures of Ashley Vickers | |
| PX45 | Portfolio Pictures of Dessie Mitcheson | |
| PX46 | Portfolio Pictures of Devin Justine Takeguma | |
| PX47 | Portfolio Pictures of Eva Pepaj | |
| PX48 | Portfolio Pictures of Jessica Burciaga | |
| PX49 | Portfolio Pictures of Lina Posada | |
| PX50 | Portfolio Pictures of Marketa Kazdova | |
| PX51 | Portfolio Pictures of Paola Canas | |
| PX52 | Portfolio Pictures of Tina Quarles | |
| PX53 | Darren Franclemont PayPal receipt for January 9, 2012 | |
| PX54 | All Defendants' Advertising Invoices | |
| PX55 | Booby Trap Doral Employee Information Handbook | |

| | | |
|---|---|---|
| PX56 | PTG Entertainment, Inc.'s Tax Returns for Years 2012, 2013, and 2014 | |
| PX57 | TCB Florida, Inc.'s Tax Returns for Years 2015 and 2016 | |
| PX58 | BT Food & Beverage, Inc.'s Tax Returns for Years 2012, 2013, 2014, 2015, and 2016 | |
| PX59 | BTS North, Inc.'s 2012 to 2017 Employee List | |
| PX60 | BTS North, Inc.'s Tax Returns for Years 2012, 2013, 2014, 2015, and 2016 | |
| PX61 | BTS North, Inc. and T.K. Promotions, Inc.'s Revenue for subject dates, one week after and one week before | |
| PX62 | BTS North, Inc., T.K. Promotions, Inc.'s and TCB Florida, Inc.'s Revenue for subject dates, one week after and one week before | |
| PX63 | Cre8tive Factory, Inc.'s 4/27/2015 Invoice | |
| PX64 | Darren Franclemont's email to Eric Otero dated June 26, 2017 | |
| PX65 | Darren Franclemont's email to Eric Otero dated June 28, 2017 | |
| PX66 | All Defendants' Employee List from 2011 to 2017 | |
| PX67 | BT's/Booby Trap South Miami's Employee Handbook | |
| PX68 | T.K. Promotions, Inc.'s Employee List for 2012-2017 | |
| PX69 | Plaintiffs' Demand and Cease and Desist Letter to Defendants | |
| PX70 | All trial Exhibits listed by any party | |
| PX71 | Blowup of any Exhibits listed as demonstrative Exhibits | |
| PX72 | All Exhibits attached to Plaintiffs' Motion for Summary Judgment | |

Schedule B

The Defendants may offer the following exhibits at trial and the Plaintiffs may object to the admission of those exhibits on the indicated grounds:

Objection Codes:

| | |
|---|---|
| A | Authenticity |
| I | Contains inadmissible matter |
| R | Relevancy |
| H | Hearsay |
| UP | Unduly Prejudicial |
| P | Privileged |

| No. | Description of Exhibit | Objections |
|---|---|---|
| DX1 | BTS North, Inc. Dancer Performance Lease Agreement | |
| DX2 | T.K. Promotions, Inc. Dancer Performance Lease Agreement | |
| DX3 | Deposition of Philip Gori and Exhibits | |
| DX4 | Deposition of Patricia Pettinato and Exhibits | |
| DX5 | Deposition of Luis Fernandez and Exhibits | |
| DX6 | Deposition of George Gettinger and Exhibits | |
| DX7 | Deposition of Enrique Bonilla and Exhibits | |
| DX8 | Deposition of Eric Otero and Exhibits | |
| DX9 | Darren Franclemont PayPal receipt for January 9, 2012 | |
| DX10 | All Defendants' Advertising Invoices | |
| DX11 | Booby Trap Doral Employee Information Handbook | |
| DX12 | PTG Entertainment, Inc.'s Tax Returns for Years 2012, 2013, and 2014 | |

| | | |
|---|---|---|
| DX13 | TCB Florida, Inc.'s Tax Returns for Years 2015 and 2016 | |
| DX14 | BT Food & Beverage, Inc.'s Tax Returns for Years 2012, 2013, 2014, 2015, and 2016 | |
| DX15 | BTS North, Inc.'s 2012 to 2017 Employee List | |
| DX16 | BTS North, Inc.'s Tax Returns for Years 2012, 2013, 2014, 2015, and 2016 | |
| DX17 | BTS North, Inc. and T.K. Promotions, Inc.'s Revenue for subject dates, one week after and one week before | |
| DX18 | BTS North, Inc., T.K. Promotions, Inc.'s and TCB Florida, Inc.'s Revenue for subject dates, one week after and one week before | |
| DX19 | Cre8tive Factory, Inc.'s 4/27/2015 Invoice | |
| DX20 | Darren Franclemont's email to Eric Otero dated June 26, 2017 | |
| DX21 | Darren Franclemont's email to Eric Otero dated June 28, 2017 | |
| DX22 | All Defendants' Employee List from 2011 to 2017 | |
| DX23 | BT's/Booby Trap South Miami's Employee Handbook | |
| DX24 | T.K. Promotions, Inc.'s Employee List for 2012-2017 | |