# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| CIELO JEAN GIBSON, CORA SKINNER, VIVIAN KINDLE, ALICIA WHITTEN, ASHLEY VICKERS, DESSIE MITCHESON, DEVIN JUSTINE TAKEGUMA, EVA PEPAJ, JESSICA BURCIAGA, LINA POSADA, MARKETA KAZDOVA, PAOLA CANAS, and TINA QUARLES,<br><br>        Plaintiffs,<br><br>      - against -<br><br>BTS NORTH, INC. d/b/a BOOBY TRAP; T.K. PROMOTIONS, INC. d/b/a BOOBY TRAP; P.T.G. ENTERTAINMENT, INC. d/b/a BOOBY TRAP; and BOOBY TRAP, INC. d/b/a BOOBY TRAP,<br><br>        Defendants. | Case No.: 1:16-CV-24548-MGC |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

<u>**TABLE OF CONTENTS**</u>

**PRELIMINARY INSTRUCTIONS**

**1.1 General Preliminary Instruction**

**1.2 Burdens of Proof – Preponderance of the Evidence and Clear and Convincing Evidence**

**1.3 Jury Questions**

**1.4 Interim Statements**

**1.5 Overview of Claim**


**TRIAL INSTRUCTIONS**

**2.1 Stipulations**

**2.2 Use of Depositions**

**2.3 Judicial Notice**

**2.4 Use of Interrogatories**

**2.5 In-Trial Instructions on News Coverage**


**BASIC INSTRUCTIONS**

**3.1 Introduction**

**3.2. Duty to Follow Instructions - Corporate Party Involved**

**3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

**3.4 Credibility of Witnesses**

**3.5 Impeachment of Witnesses Because of Inconsistent Statements**

**3.6 Expert Witnesses**

**3.7.1 Responsibility for Proof – Plaintiffs' Claims - Preponderance of the Evidence**

**3.7.2 Responsibility for Proof – Defendants' Affirmative Defense - Preponderance of the Evidence**

**3.8 Duty to Deliberate when only the Plaintiffs Claim Damages**

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

**UNAUTHORIZED PUBLICATION OF NAME OR LIKENESS**

**4.1 Violation of Fla. Stat. § 540.08: Right of Publicity; Unauthorized Misappropriation of Name/Likeness**

**COMMON LAW UNAUTHORIZED PUBLICATION OF NAME OR LIKENESS**

**5.1 Violation of Common Law Right of Publicity; Unauthorized Misappropriation of Name or Likeness**

**FALSE ADVERTISING**

**6.1 Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Advertising**

**FALSE ENDORSEMENT**

**7.1 Violation of the Lanham Act, 15 U.S.C. § 1125(a):  False Endorsement**

**7.2 Defenses to Claim of Infringement of a Trademark**

**CIVIL THEFT**

**8.1 Violation of Fla. Stat. § 812.014 and Fla. Stat. § 772.11: Civil Theft**

**UNLAWFUL CONVERSION**

**9.1 Violation of Common Law Conversion**

**UNJUST ENRICHMENT**

**10.1 Defendants' Unjust Enrichment as a result of commercial use of Plaintiffs' images**

**PRELIMINARY INSTRUCTIONS**

**1.1 General Preliminary Instructions**

<u>Members of the Jury</u>:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

<u>The jury's duty</u>:

It is your duty to listen to the evidence, decide what happened, and apply the law to the facts. It is my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

3

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness' credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. Plaintiffs claim that Defendants, BTS North, Inc. d/b/a Booby Trap, T.K. Promotions, Inc. d/b/a Booby Trap, P.T.G. Entertainment, Inc. d/b/a Booby Trap, and Booby Trap, Inc. d/b/a Booby Trap used Plaintiffs, Cielo Jean Gibson, Cora Skinner, Vivian Kindle, Alicia Whitten, Ashley Vickers, Dessie Mitcheson, Devin Justine Takeguma, Eva Pepaj, Jessica Burciaga, Lina Posada, Marketa Kazdova, Paola Canas and Tina Quarles's, images and likenesses for the purpose of advertising, solicitation, and promotion of their gentlemen's clubs. Plaintiffs are professional models who make a living by promoting their images and likenesses to various clients. Plaintiffs maintain they did not give Defendants permission to use their images for any

5

marketing and promotional materials, nor did they consent to being associated with Defendants' clubs and were never approached by Defendants asking for authorization to use their images.

The Defendants deny each of Plaintiffs' allegations and maintain that they hired a third party to create their advertising for them and believed that the third party had authorization to use Plaintiffs' images.

Burden of proof:

Plaintiffs here have the burden of proving their case by what the law calls a "preponderance of the evidence." That means the Plaintiffs must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring Plaintiffs and the evidence favoring Defendants on opposite sides of balancing scales, Plaintiffs need to make the scales tip to their side. If Plaintiffs fail to meet this burden, you must find in favor of Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Defendants have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Defendants must prove for any affirmative defense. After considering all the evidence, if you decide that Defendants have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, Instagram, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

<u>Course of the trial</u>:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what the parties intend to prove.

Next, Plaintiffs will present their witnesses and ask them questions. After Plaintiffs questions their witnesses, Defendants may ask the same witnesses questions – this is called "cross-examining" the witnesses. Then Defendants will present their witnesses, and Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presents it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law. You'll then go to the jury room to deliberate.

**1.2 Burdens of Proof – Preponderance of the Evidences and Clear and Convincing Evidence**

In this case, the parties are required to adhere to important rules known as evidentiary standards and burdens of proof. These rules determine which party is responsible for putting forth enough evidence to either prove or defeat a particular claim and the amount of evidence necessary to accomplish that goal.

First, the Plaintiffs must satisfy the burden of production, which has also been referred to as the burden of going forward. As the terms suggest, this burden requires the Plaintiffs to put forth evidence in the form of witness testimony, documents, or objects. After the Plaintiffs present their case-in-chief, the burden of production shifts to the Defendants, who then have the opportunity to provide evidence either rebutting the Plaintiffs' evidence or supporting the Defendants' own arguments.

Second, the parties must satisfy the burden of persuasion. This burden determines which standard of proof the parties must follow in presenting their evidence. A standard of proof determines the amount of evidence the Plaintiffs or Defendants need to provide in order for you to reach a particular determination. In most of Plaintiffs' claims here, the burden of persuasion that applies is called "a preponderance of the evidence." This standard requires you to return a judgment in favor of the Plaintiffs if the Plaintiffs are able to show that a particular fact or event was more likely than not to have occurred.

In the remainder of Plaintiffs' claims the burden of persuasion that applies is called "a clear and convincing evidence." This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

1

**1.3 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**1.4 Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**TRIAL INSTRUCTIONS**

**2.1 Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**2.2 Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

**2.3 Judicial Notice**

      The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." You must accept it as true for this case.

**2.4 Use of Interrogatories**

You might also hear answers that the parties gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, all the parties in this case gave the answers in writing while under oath.

You must consider these answers to as though these answers were given on the witness stand.

**2.5 In-Trial Instructions on News Coverage**

Reports about this trial [or about these incidents] may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

**BASIC INSTRUCTIONS**

**3.1 Introduction**

<u>**COURT'S INSTRUCTIONS TO THE JURY**</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

### 3.2. The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that corporations are involved as parties must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

### 3.3  Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**3.5 Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**3.6 Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**3.7.1 Responsibility for Proof – Plaintiffs' Claims- Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiffs' claims are more likely true than not true. So, if you could put the evidence favoring Plaintiffs and the evidence favoring Defendants on opposite sides of balancing scales, Plaintiffs need to make the scales tip to their side. If you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence and you must find in favor of Plaintiffs. If Plaintiffs fail to meet this burden, you must find in favor of Defendants.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

**3.7.2 Responsibility for Proof – Defendants' Affirmative Defense - Preponderance of the Evidence**

In this case, Defendants assert affirmative defenses to each of Plaintiffs' claims. Even if Plaintiffs prove their claims by a preponderance of the evidence, Defendants can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that Defendants do not have to disprove the Plaintiffs' claims, but if the Defendants raise affirmative defenses, the only way they can prevail on that specific defense is if they prove those defenses by a preponderance of the evidence.

**3.8 Duty to Deliberate When Only the Plaintiffs Claim Damages**

The fact that I might give you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. You must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**3.9 Election of Foreperson Explanation of Verdict Forms**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience and is attached.

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**UNAUTHORIZED PUBLICATION OF NAME OR LIKENESS**

**4.1 Violation of Fla. Stat. § 540.08: Right of Publicity; Unauthorized Misappropriation of Name/Likeness**

In this case, Plaintiffs makes a claim under § 540.08 of the Florida Statutes, which prohibits the unauthorized use of a person's image for any commercial or advertising purpose. Defendants acknowledge that they used Plaintiffs' images in their advertising, but assert that they retained someone to create this advertising for them.

In order to prevail on this claim, Plaintiffs must prove that Defendants used their images without authorization for commercial or advertising purpose. If you find that Plaintiffs have proved their claim of a violation of § 540.08 of the Florida Statutes, then you must determine both the amount of unauthorized use that occurred, and the amount of damages to which each Plaintiff is entitled for such use. That means you must determine how much each Plaintiff would have been paid for the usage made by Defendants.

Florida Statute § 540.08 allows plaintiffs to recover actual damages that have occurred, consequential damages that have occurred, such as a loss or injury that resulted as a consequence of the misappropriation of the image.

The statute also allows reasonable royalty. A reasonable royalty is the amount of a royalty payment that a model and the buyer would have agreed to in a hypothetical negotiation taking place at a time prior to when the infringement first began. In considering this hypothetical negotiation, you should focus on what the expectations of the model and the buyer would have been had they entered into an agreement at that time, and had they acted reasonably in their negotiations.

Lastly, Florida Statute § 540.08 also allows plaintiffs to recover punitive damages. Punitive damages are awarded in addition to actual damages, compensatory damages or

1

royalties, in order to punish the defendants for a willful or reckless act, or to deter them from engaging in the same conduct in the future. Plaintiffs claim that punitive damages should be awarded against Defendants for intentionally or recklessly using Plaintiffs' images in Defendants' advertisements. Punitive damages are warranted against Defendants if you find by clear and convincing evidence that they were guilty of intentional or reckless misconduct. Intentional or reckless misconduct means that Defendants had knowledge of the wrongfulness of their conduct, but despite that knowledge, they intentionally or recklessly pursued that course of conduct.

**COMMON LAW UNAUTHORIZED PUBLICATION OF NAME OR LIKENESS**

**5.1 Violation of Common Law Right of Publicity; Unauthorized Misappropriation of Name or Likeness**

Plaintiffs also makes a claim for violation of common law right of publicity, specifically the common law misappropriation of name or likeness. Just like Florida Statute § 540.08, which prohibits the unauthorized use of a person's image for any commercial or advertising purpose, the common law prohibits the same wrongful act. The Plaintiffs are permitted to sue under both the statutory violation and the common law violation, because a person's right to privacy can be violated in more than one way. One's name and likeness are protected under both the common law and under Fla. Stat. § 540.08.

If you determine that Plaintiffs have failed to establish their claim under Fla. Stat. § 540.08, their claim will still be viable if the Plaintiffs prove all the elements of the violation of the common law right of publicity.

The Plaintiffs claim that Defendants violated their common law right to privacy. To establish this claim, Plaintiffs must prove that Defendants used Plaintiffs name, likeness, or image without Plaintiffs' permission. However, unlike Florida Statute § 540.08, under the common law of right to publicity, Plaintiffs do not have to prove any harm.

3

**FALSE ADVERTISING**

**6.1 Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Advertising**

Plaintiffs also claim that Defendants are liable for false advertising. To prove their claim, Plaintiffs must prove the following facts by a preponderance of the evidence:

- Defendants' advertisements were false or misleading;

- Defendants' advertisements deceived, or had the capacity to deceive consumers;

- The deception had a material effect on purchasing decisions;

- The misrepresentation affected interstate commerce; and

- Plaintiffs have been, or are likely to be, injured as a result of the false advertising.

There are two ways in which advertisements may be false or misleading: they may be literally false, or they may be literally true but misleading.  If an advertisement is literally false, then it is presumed to deceive, or to have the capacity to deceive, consumers, and Plaintiffs need not prove that deception.

Additionally, in order to recover damages, Plaintiffs must prove the materiality of Defendants' advertising by showing that Defendants' deception is likely to influence customers' purchasing decisions and that the Plaintiff were harmed as a result.

If you find that Plaintiffs are entitled to damages under this claim, Plaintiffs ask that they be awarded compensatory damages and disgorgement of Defendants' profits.

As explained earlier, compensatory damages are awarded to indemnify a person for a particular loss, detriment, or injury suffered as a result of the unlawful conduct of another.

Disgorgement of profits is a remedy requiring a party who profits from a wrongful act to give up any profits he or she made as a result of his or her wrongful conduct.

4

**FALSE ENDORSEMENT**

**7.1 Violation of the Lanham Act, 15 U.S.C. § 1125(a):  False Endorsement**

Plaintiffs further claim that Defendants have infringed on their trademarks. To prove Plaintiffs' claim, Plaintiffs must prove the following facts by a preponderance of the evidence:

1: Each Plaintiff owns a trademark that is entitled to protection; and

2: Defendants used trademarks that infringed Plaintiffs' trademarks.

<u>VALIDITY</u>

You must first find that Plaintiffs own protectable rights to her trademark.  Plaintiffs must prove by a preponderance of the evidence that the trademark is:

1: Used in commerce;

2: Distinctive; and

3: Nonfunctional

<u>Used in Commerce</u>

The right to a particular trademark grows out of the trademark's use. Use is sufficient to establish rights if it is public enough that it identifies the goods in question as those of the person using the trademark. It is sufficient to establish valid rights if the trademark is used in genuine transactions in commerce and the use is consistent and continuous. Mere "token use" of the trademark – use made solely to reserve rights in the trademark – is not enough to establish valid rights. Wide public recognition of the trademark is not required, but secret or undisclosed use is not adequate.

A trademark is used in commerce and in connection with goods when it is placed on:

1. the goods or the associated displays,

2. the tags or labels affixed to the goods, or

3. the documents associated with the goods or their sale, and

4. the goods are sold or transported in commerce in more than one state, or in the United States and a foreign country.

Plaintiffs may acquire rights to a trademark through another party's use of the trademark, even if Plaintiffs did not use the trademark. Plaintiffs may enter into an agreement that permits another person to use her trademark. This agreement is called a license. The person that owns the trademark is the licensor and the party permitted to use the trademark is the licensee. An exclusive license may include the right to prevent others from using the same or a similar trademark that, in the marketplace, is likely to cause confusion. A license does not have to be in writing.

For a license to be valid, the licensor must retain adequate control over the quality of goods sold under the trademark. A licensee acquires no ownership interest in the licensed trademark. Instead, the licensee acquires only those rights granted by the license.

<u>Distinctiveness</u>

A trademark also is protectable if it is inherently distinctive. To determine whether a claimed trademark is distinctive, you must first place it into one of four "types" or categories. Trademarks come in different "types" or categories, namely: "generic," "descriptive," "suggestive," "arbitrary," and "fanciful" or "coined." The type of trademark is relevant to the trademark's strength.

I will now describe each type of trademark in the order of their general relative strength:

a. <u>Generic:</u>

A claimed trademark is generic if it is the word, name, symbol, or device, or any combination thereof, by which the good is known. An example of a generic trademark is "escalator" for moving stairs.

6

Whether a claimed trademark is generic does not depend on the term itself, but on use of the term. A word may be generic of some things but not of others. For example, "ivory" is generic for elephant tusks, but it is not generic for soap.

Whether a claimed trademark is generic is viewed from the perspective of a member of the relevant public evaluating the trademark.

b. Descriptive:

A claimed trademark is "descriptive" if it merely describes an ingredient, quality, characteristic, function, feature, purpose, or use of the good. An example of a descriptive trademark would be VISION CENTER for an eyeglasses store. Descriptive trademarks are eligible for protection if they have acquired "secondary meaning."

c. Suggestive:

A "suggestive" trademark suggests, rather than describes, qualities of the underlying good. If a consumer's imagination is necessary to make the connection between the trademark and the goods, then the trademark suggests the features of the goods. An example of a suggestive trademark is ICEBERG for a refrigerator. Suggestive trademarks are eligible for protection without proof of secondary meaning.

d. Arbitrary and Fanciful or Coined:

An "arbitrary" trademark is a trademark that is a real word but has no logical relationship to the underlying goods. An example of an arbitrary trademark is DOMINO for sugar.

A "fanciful" or "coined" trademark is a trademark created solely to function as a trademark but which has no meaning beyond the trademark itself. An example of a fanciful or coined trademark is EXXON for gasoline.

7

Arbitrary and fanciful or coined trademarks are eligible for protection without proof of secondary meaning.

Nonfunctionality

The third element that Plaintiffs must prove is that the trademark is primarily nonfunctional. A claimed trademark is functional if it is essential to the use or purpose of the good, or if it affects the good's cost or quality. In other words, if allowing Plaintiffs to have exclusive use of the trademarks would put competitors at a disadvantage that does not relate to Plaintiffs' reputation, then the trademark may be functional. For example, a trademark for the color of ice cream – such as white for vanilla, pink for strawberry, and brown for chocolate – would be functional if the color identifies the flavor of the ice cream.

In evaluating nonfunctionality, you must keep in mind that a claimed trademark may be primarily nonfunctional even if it serves a practical purpose. The fact that individual components of a claimed trademark are functional does not prevent the overall combination of those elements from being primarily nonfunctional. Nevertheless, individually functional elements are not valid merely because they are part of an overall nonfunctional trademark.

INFRINGEMENT

If you determine that Plaintiffs' trademarks are entitled to protection, you must next consider whether Defendants infringed Plaintiffs' trademarks. The test for infringement is whether Defendants' trademark is "likely to cause confusion" with Plaintiffs' trademark.

That is, you must determine if Defendants used the same or a similar trademark in connection with the sale of, or the offer to sell, goods or services in a manner that is likely to cause confusion among consumers as to the source, affiliation, approval, or sponsorship of the goods or services.

8

"Source," "origin," "affiliation," "approval," or "sponsorship" means that the public believes that Defendants' goods or services come from, are affiliated with, are approved by, or are sponsored by Plaintiffs.

It is not necessary that the trademark used by Defendants be an exact copy of Plaintiffs' trademarks. Rather, Plaintiffs must demonstrate, by a preponderance of the evidence, that Defendants' use of Plaintiffs' trademarks is, when viewed in its entirety, likely to cause confusion as to the source, origin, affiliation, approval, or sponsorship of the goods or services in question.

There are seven (7) factors you can use to determine whether a likelihood of confusion exists. No single factor or consideration controls, and Plaintiffs are not required to prove that all, or even most, of the factors are present in any particular case. You also may use factors other than these seven (7). You should weigh all of the relevant evidence in determining whether a likelihood of confusion exists.

1. Type and Strength of Plaintiffs' Trademarks

The first factor is the "type and strength" of the trademark. Some trademarks are stronger than others. The "stronger" the trademark, the more protection should be given to it.

I previously have instructed you as to the "types" or categories of trademarks, namely, "generic," "descriptive," "suggestive," "descriptive," "arbitrary," and "fanciful" or "coined." The type of a claimed trademark is relevant to the trademark's strength. When evaluating the strength of Plaintiffs' trademarks, you also may consider the extent of any use by third parties of similar trademarks, Plaintiffs' promotional expenditures, and the volume of each Plaintiffs' sales under her trademark.

2. Similarity of the Parties' Trademarks

In evaluating whether trademarks are similar, you may consider the "overall impression" that Plaintiffs' and Defendants' trademarks create, including the appearance and manner in which they are used. You may look at the trademarks as a whole rather than simply comparing their individual features.

3. <u>Similarity of the Parties' Goods or Services</u>

This factor considers not only whether the consuming public can readily distinguish between the parties' goods or services, but also whether the goods or services at issue are of a kind that the public attributes to a single source.

4. <u>Similarity of the Parties' Sales Channels, Distribution, and Customers</u>

This factor considers where, how, and to whom the parties' goods or services are sold. Similarities increase the possibility of consumer confusion, mistake, or deception.

5. <u>Similarity of the Parties' Advertising Media</u>

This factor looks to each party's method of advertising. It is not a requirement that Plaintiffs and Defendants advertise in the same magazines, publications, or other advertising outlets. The issue is whether the parties use the same forums and media outlets to advertise, leading to possible confusion.

6. <u>Defendants' Intent</u>

You also may consider whether Defendants intended to infringe on Plaintiffs' trademarks. That is, did Defendants adopt Plaintiffs' trademarks with the intention of deriving a benefit from Plaintiffs' reputation? If you determine that Defendants intentionally ignored potential infringement, you may impute to Defendants an intent to infringe.

7. <u>Actual Confusion</u>

Because the presence of actual confusion usually is difficult to show, a finding of actual confusion is not required to find trademark infringement. Alternatively, the absence of actual confusion does not necessarily mean Defendants are not liable for trademark infringement.

The evidence of actual confusion of trademarks should be reasonably significant. You should weigh the alleged actual confusion using the following factors:

1. The amount and duration of the confusion;

2. The degree of familiarity the customer has with the goods or services;

3. The type of person complaining of the alleged actual confusion (for example, whether that person is a customer or a noncustomer); and

4. The alleged number of people who are actually confused (for example, whether the confused person is an actual customer or someone else).

If you find that Defendants have infringed Plaintiffs' trademarks, you must next consider Defendants' affirmative defenses.

<u>Remedies</u>

If you find that Plaintiffs' trademarks are valid, that Defendants have infringed them, and Defendants do not have a defense to the infringement, you must determine whether and to what extent, money damages should be awarded.

<u>Plaintiffs' Actual Monetary Damages</u>

You may award actual damages that Plaintiffs have sustained. Plaintiffs may recover the economic injury to her business proximately resulting from Defendants' wrongful acts. You are not required to calculate actual damages with absolute exactness – you may make reasonable approximations. However, any award of actual damages to Plaintiffs must be just and reasonable, based on facts, and proved by Plaintiffs by a preponderance of the evidence.

<u>Defendants' Profits and Calculation of Profits</u>

In addition to Plaintiffs' actual damages, you may also make an award based on an accounting of Defendants' profits if you find that:

1. Defendants' conduct was willful and deliberate;

2. Defendants were unjustly enriched; or

3. An award of Defendants' profits is necessary to deter Defendants' future conduct.

A defendant commits a "willful violation" of a trademark when that defendant knowingly and purposefully capitalizes on and appropriates for itself the goodwill of a plaintiff.

"Unjust enrichment" occurs if a defendant receives a benefit to which [he/she/it] is not entitled.

In determining Defendants' profits, Plaintiffs are only required to prove Defendants' gross sales. Defendants may then prove the amount of sales made for reasons other than the infringement. Defendants also may prove their costs or other deductions which they claim should be subtracted from the amount of their sales to determine their profits on such sales. Any costs or deductions that Defendants prove by a preponderance of the evidence are required to be subtracted from the sales attributable to the infringement and the difference is the amount that may be awarded to Plaintiffs.

Nominal Damages

If you find that Defendants infringed Plaintiffs trademarks, but you do not find that Plaintiffs sustained any actual damages or damages based on Defendants' profits, you may return a verdict for Plaintiffs and award what are called "nominal" damages. By "nominal" I mean a small amount of damages that you, in your discretion, determine.

**7.2 Defenses to Claim of Infringement of a Trademark**

If Plaintiffs have shown a likelihood of confusion, but Defendants claim that they are not liable to Plaintiffs for trademark infringement because one or more of the following defenses exist, Defendants have the burden of proving defenses to trademark infringement by a preponderance of the evidence.

Nominative fair use is a defense to a claim of trademark infringement. Under this defense, Defendants may use Plaintiffs' trademark to refer to Plaintiffs' goods, but Defendants may not use Plaintiffs' trademark to refer to Defendants' own goods. You must find that Defendants' use of the trademark was not infringing only if Defendants prove by a preponderance of the evidence that their use of Plaintiffs' trademark meets all of the following elements:

1. Plaintiffs' trademark is the only name, term, or symbol reasonably available to describe Plaintiffs' goods;

2. Defendants do not attempt to capitalize on consumer confusion or to appropriate the prestige of Plaintiffs' trademark; and

3. Defendants' use of Plaintiffs' trademark does not identify Plaintiffs as the source of Defendants' goods.

Abandonment of a trademark is also a defense to a claim of infringement. To prove abandonment, Defendants must prove the following by a preponderance of the evidence:

1. Plaintiffs discontinued the bona fide use of their trademark, and did so with the intent to not resume their use in the reasonably foreseeable future. If you find that Plaintiffs have not used the mark for three consecutive years, you may presume that Plaintiffs

did not intend to resume the use of the trademark, but Plaintiffs can rebut that presumption by producing evidence that they intended to resume use; or

2.   Plaintiffs acted or failed to act, and as a result, Plaintiffs' trademark no longer identifies the source of Plaintiffs' goods and has become a generic term for the associated goods.

14

**CIVIL THEFT**

**8.1 Violation of Fla. Stat. § 812.014 and Fla. Stat. § 772.11: Civil Theft**

The Plaintiffs also bring a claim for civil theft in this case. A person or business commits theft if he/she/it knowingly obtains or uses, or tries to obtain or use, the property of another with intent to deprive that other person of his right to it. The Defendants in this case are liable for civil theft if the Plaintiffs prove by clear and convincing evidence:

1. That Defendants obtained or used [or attempted to obtain or use] the property of Plaintiffs;

2. That Defendants did so with intent; that is, with the intent to deprive Plaintiffs, either temporarily or permanently, of a right to the property or a benefit from it; and

3. That Defendants' actions injured Plaintiffs in some fashion.

You will notice that the civil theft claim must be proved by clear and convincing evidence - not just a preponderance of the evidence. Clear and convincing evidence is something more than a preponderance of the evidence; as explained earlier, it is evidence that leaves you with a firm conviction that the claim is true. If you find for the Plaintiffs on the claim of civil theft, and against the Defendants, you will then consider the issue of the amount of money damages to be awarded to the Plaintiffs. You may award the Plaintiffs only those damages shown to be proximately caused by Defendants' wrongful action.

In considering the issue of Plaintiffs' damages, you should assess the amount you find to be justified by clear and convincing evidence as full, just and reasonable compensation for all of the Plaintiffs' damages, no more and no less.

The Plaintiffs also claims that the acts of the Defendants were done with reckless indifference to the Plaintiffs' rights so as to entitle the Plaintiffs to an award of threefold the

actual damages. If you find for the Plaintiffs, and if you further find that the Defendants did act with reckless indifference to the rights of Plaintiffs, the law would allow you, in your discretion, to assess threefold the actual damages against the Defendants as punishment and as a deterrent to others.

**CONVERSION**

**9.1 Violation of common law conversion**

Another claim raised by Plaintiffs is the claim of common law conversion. To establish this claim, the Plaintiffs have the burden of proving each of the following propositions:

1. That the Defendants took or kept Plaintiffs' images without a right to do so and

2. The nature and extent of the damages to the Plaintiffs and the amount thereof.

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for the Plaintiffs; but, if you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be for the Defendants.

If you decide that the Plaintiffs are entitled to recover from the Defendants, you may consider the following damages:

1.      If the property has been returned, the Plaintiffs may recover the reasonable cost of necessary repairs to the property, plus the difference between its fair market value before it was taken and its fair market value after its return. In addition, you may award the Plaintiffs the reasonable value of the use of the property during the time it was detained by the Defendants; or

2.      If the property is not returned, the Plaintiffs are entitled to recover the fair market value of the property taken and the Plaintiffs may recover the reasonable costs and expenses incurred in connection with Defendants' taking the property and in connection with Plaintiffs' attempts to recover the property. These expenses are not, however, to include the court costs or attorney fees incurred in this litigation. When I use the phrase "fair market value", I mean the amount of money that a willing buyer would pay and a willing seller would accept for the item in

question in an open marketplace, in the item's condition as it existed immediately prior to the occurrence in question.

**UNJUST ENRICHMENT**

**10.1 Defendants' Unjust Enrichment as a result of commercial use of Plaintiffs' images**

Lastly, even though there is no agreement between the parties, under certain circumstances where a party has been unjustly enriched by the actions of another, the law will require that party to compensate the other for the unjust gain. To recover under this theory, the Plaintiffs have the burden of proving each of the following:

1. The Plaintiffs provided a benefit to the Defendants;

2. The Defendants accepted the benefit; and

3. Under the circumstances, it would be unjust for the Defendants to retain the benefit without compensating the Plaintiffs for its value.

If you find that Plaintiffs have proved each of these elements, then your verdict should be for the Plaintiffs. If, however, Plaintiffs have failed to prove any one or more of these elements, then your verdict should be for the Defendants.

If you find for the Plaintiffs, you must first determine the value of Defendants' benefits that would not have been achieved except for Defendants' misappropriation of Plaintiffs' images. Then subtract from that amount Defendants' reasonable expenses. In calculating the amount of any unjust enrichment, do not take into account any amount that you included in determining any amount of damages for Plaintiffs' actual loss.