# EXHIBIT "B"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

**CIELO JEAN GIBSON; CORA SKINNER,
VIVIAN KINDLE, ALICIA WHITTEN,
ASHLEY VICKERS, DESSIE MITCHESON,
DEVIN JUSTINE TAKEGUMA, EVA
PEPAJ, JESSICA BURCIAGA, LINA
POSADA, MARKETA KAZDOVA, PAOLA
CANAS, and TINA QUARLES,**

      **Plaintiffs,**

**v.**                             **Case No.: 1:16-CV-24548-MGC**

**BTS NORTH, INC., d/b/a BOOBY TRAP;
T.K. PROMOTIONS, INC., d/b/a BOOBY
TRAP; P.T.G. ENTERTAINMENT, INC.,
d/b/a BOOBY TRAP; and BOOBY TRAP,
INC., d/b/a BOOBY TRAP,**

      **Defendants,**

_____/

## <u>DEFENDANTS' PROPOSED JURY INSTRUCTIONS</u>

Defendants' Proposed Jury Instruction
Number 1

## Introduction

Members of the jury, we have reached the final stage in these proceedings before your deliberations begin.   This stage is called the Court's charge – or instructions – to the jury.   I have tried to make this charge as clear and concise as possible, but it is, of necessity, still quite long and somewhat complex.   Your close attention is required and appreciated.

Let me begin by thanking you for your patience and attentiveness during the trial. Having paid careful attention to the evidence as it was presented to you, you are fully prepared to reach a verdict as to whether or not, with respect to the complaint, the Plaintiffs have sustained their burden of proving by a preponderance of the evidence that the Defendants committed a violation of law, causing damage to the Plaintiffs.

Throughout these instructions, I will be referring to "the complaint," by which I mean the complaint filed by Cielo Jean Gibson, Cora Skinner, Vivian Kindle, Alicia Whitten, Ashley Vickers, Dessie Mitcheson, Devin Justine Takaguma, Eva Pepaj, Jessica Burciaga, Lina Posada, Marketa Kazdova, Paola Canas and Tina Quarles against BTS NORTH, INC., d/b/a BOOBY TRAP; T.K. PROMOTIONS, INC., d/b/a BOOBY TRAP; P.T.G. ENTERTAINMENT, INC., d/b/a BOOBY TRAP; and BOOBY TRAP, INC., d/b/a BOOBY TRAP.

A jury charge does three basic things.   First, it explains certain rules and procedures generally applicable to a jury trial.   Second, it explains the applicable rules of law.   Third, it explains the procedures by which you should conduct your deliberations.

11th Circuit Pattern Jury Inst. 1.1

Defendants' Proposed Jury Instruction
Number 2

**Function of the Court**

You have heard all the evidence in the case as well as the final arguments of the lawyers.   My duty at this point is to instruct you as to the law.   It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.   If any attorney has stated legal principles different from any that I state to you in my instructions, it is my instructions you must follow.   You should not single out any one instruction as stating the law; rather you should consider my instructions as a whole while you deliberate.   You should not, any of you, be concerned about the wisdom of any rule that I state.   Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any view of the law other than that which I give you.

11th Circuit Pattern Jury Inst. 2.3

Defendants' Proposed Jury Instruction
Number 3

**Function of Jurors**

As I told you during your selection, you, the jury, are critical to the administration of justice.  The Constitution of the United States provides for the right to a jury trial, and considers it an important safeguard of individual liberties.

Your ultimate role as jurors is to pass upon and decide the fact issues that are in the case.   You, the members of the jury, are the sole and exclusive judges of the facts.   You pass upon the weight of the evidence; that is, you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you see them.   I will discuss how to pass upon the credibility-or believability– of the witnesses later in the charge.

11th Circuit Pattern Jury Inst. 1.1

Defendants' Proposed Jury Instruction
Number 4

### Juror's Recollection Governs

In determining the facts, you should rely upon your own recollection of the evidence.
What the lawyers have said in their opening statements, in their closing statements, in their
objections, or in their questions is not evidence.   A question put to a witness is not evidence.
It is only the answer, taken in the context of the question that was asked, which is evidence.
Nor is anything I may have said during the trial or may say during these instructions with
respect to a factual matter to substitute for your own independent recollection of the facts.

11th Circuit Pattern Jury Inst. 3.3

Defendants' Proposed Jury Instruction
Number 5

**Note-Taking by Jurors**

As I previously told you, notes that you may have taken during the trial are to be used solely to assist you; they are to aid your recollection and not to substitute for your recollection of the evidence in the case.   The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.   Your notes are for yourself and not for any other juror.

If, during your deliberations, you have any doubt as to any testimony, you may request that portion of the official trial transcript of these proceedings be read to you.

11th Circuit Pattern Jury Inst. 1.1

Defendants' Proposed Jury Instruction
Number 6

## Duty to Base Verdict on Evidence

The evidence before you consists of the answers given by witnesses – the testimony they gave, as you recall it – the exhibits that were received in evidence, and the stipulations of the parties.

You may not consider any answer, testimony or exhibits that I directed you to disregard or that I directed to be stricken from the record.   If an answer has been stricken, it must be entirely disregarded as though the words were never spoken.   Similarly, if an objection to a question was sustained before the witness answered, you must disregard the question entirely.   You may draw no inferences from the wording of the question nor speculate about what the witness might have answered.

11th Circuit Pattern Jury Inst. 1.1

Defendants' Proposed Jury Instruction
Number 7

## Sympathy

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: have the Plaintiffs proven their case against the Defendants by a preponderance of the evidence?

It is for you to decide whether the Plaintiffs have met this burden of proof on the basis of the evidence or lack of evidence and subject to the law as I charge you.   It must be clear to you that once you let bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

11th Circuit Pattern Jury Inst. 3.2

Defendants' Proposed Jury Instruction
Number 8

## Depositions

The lawyers have read portions of deposition testimony to you and you have seen videotaped deposition testimony.   You should treat this testimony in the same way you treat the testimony of witnesses you have heard in this courtroom.   It is for you to determine the weight and effect to be given that testimony.

11th Circuit Pattern Jury Inst. 2.2

Defendants' Proposed Jury Instruction

Number 9

## Statements by Counsel and the Court

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.   Counsel also have the right and duty to ask the Court to make rulings of law and request conferences at the side bar out of the hearing of the jury.   All those questions of law must be decided by me only.   You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked the Court for a ruling on the law.

As judge, I have asked questions of witnesses; I have made comments to the lawyers; and I have ruled on their objections and motions.   I have not meant to indicate any opinion as to the facts or what your verdict should be.   The rulings I have made, and the questions I have asked, during the trial are not any indication of my views of what your decision should be.   You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.   You are the sole judges of the facts, and which facts you consider important or unimportant.   Nor should you consider which attorney is more likeable or the better attorney.   The attorneys do not have any personal knowledge of the facts in this case; their role is that of advocates, not witnesses.

You are to perform the duty of finding the facts without bias or prejudice as to any party.   You are to perform your final duty in an attitude of complete fairness and impartiality. 11th Circuit Pattern Jury Inst. 2.3

Defendants' Proposed Jury Instruction
Number 10

**Interested Witnesses**

In evaluating the credibility of a witness, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case.   Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests.   Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, that is for example, the Plaintiffs or the Defendants as witness, then you should bear that factor in mind when evaluating the credibility of their testimony and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.   There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.   It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his or her testimony.

11th Circuit Pattern Jury Inst. 3.4

11

Defendants' Proposed Jury Instruction Number 11

## Burden of Proof

This is a civil case and as such, the Plaintiffs have the burden of proving the material allegations of their complaint by a preponderance of the evidence.

If after considering all of the testimony and evidence you are satisfied that the Plaintiffs have carried their burden of proof on each essential point as to which they have the burden of proof, then you must find for the Plaintiffs on their claim.   If, after such consideration, you find the testimony of both parties to be in balance, or equally probable, then the Plaintiffs have failed to sustain their burden and you must find for the Defendants.   That is all that the phrase burden of proof means.

11th Circuit Pattern Jury Inst. 3.7.1

Defendants' Proposed Jury Instruction

Number 12

### Preponderance of the Evidence

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence.   If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of the evidence" mean?   To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence.   It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.   In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and of all exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.   That is because the party bearing this burden must prove more than simple equality of evidence – he must prove the element at issue by a preponderance of the evidence.   On the other hand, the party with this burden of proof need prove no more than a preponderance.   So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proven by a preponderance of evidence.

13

Defendants' Proposed Jury Instruction

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial.   That requirement does not apply to a civil case such as this and you should put it out of your mind.


11th Circuit Pattern Jury Inst. 3.7.1

Defendants' Proposed Jury Instruction
Number 13

## Evidence Generally

I have said several times that your verdict must be based upon the evidence or lack of evidence.   Let me now give you some rules about the various types of evidence and about how you evaluate the testimony of witnesses.   After that, I will discuss the specific allegations against the Defendants and what the Plaintiffs must show in order to satisfy their burden of proof.

11th Circuit Pattern Jury Inst. 3.3

Defendants' Proposed Jury Instruction

Number 14

### Direct and Circumstantial Evidence

The law recognizes two types of evidence, direct and circumstantial.   You may rely upon either in reaching your decision.   Evidence is direct when the facts are shown by exhibits that are admitted into evidence, or when the testimony is sworn to by witnesses who have actual knowledge of them from something they have derived from the exercise of their senses, such as something they heard, something they saw, something they smelled, something they touched, and so on.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.   There is a simple example of circumstantial evidence which is often used in this courthouse.   Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.   Then, assume that the courtroom blinds were drawn and you could not look outside.   As you were sitting here, someone walked in with an umbrella which was dripping wet.   Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.   So you have no direct evidence of that fact.   But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.   You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence.   As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires

16

Defendants' Proposed Jury Instruction

that before finding a fact against the Defendants, the jury must be satisfied that the specific

fact has been proved by a preponderance of the evidence from all of the evidence of the case.

11th Circuit Pattern Jury Inst. 3.3

Defendants' Proposed Jury Instruction
Number 15

## Inferences

During the trial you may have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence or non-existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists. There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The Plaintiffs may ask you to draw one set of inferences, while the Defendants may ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

An inference is a deduction or conclusion which you, the jury, are permitted – but not required – to draw from the facts that have been established by either direct or circumstantial evidence.   In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.   Here again, however, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical reasonable inferences drawn from such evidence, you must be satisfied of the liability of the Defendants by a preponderance of the evidence before you find that they are liable.

11th Circuit Pattern Jury Inst. 3.7.1

18

Defendants' Proposed Jury Instruction
Number 16

### Credibility

There have been things said in the openings and summations of counsel about whether various witnesses should be believed.   I am sure that it is clear to you by now that you are being called upon to resolve various factual issues (under the counts of the Complaint), in the face of the very different and irreconcilable pictures painted by the Plaintiffs, and the Defendants.   You will now have to decide whether or not the Plaintiffs have proven that the Defendants are liable by a preponderance of the evidence, and an important part of the decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness's testimony.

Let me first give you some general guidance on how to evaluate testimony. After that, I will discuss some additional issues raised by the witnesses who have testified in this case. There is no magic formula for evaluating testimony. You bring to this courtroom all of the experience and background of your lives in your everyday affairs. You determine for yourself every day and in a multitude of circumstances the reliability of statements which are made to you by others. The same tests that you use in your everyday matters of importance are the test you use in your deliberations.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright? Did the witness seem as if he

Defendants' Proposed Jury Instruction

or she was hiding something, being evasive or suspect in some way? How did the way in which the witness testified on direct examination compare with the way in which he or she testified on cross-examination?   Was the witness' testimony consistent or self-contradictory? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness's bias. Does the witness have a relationship with any party that may affect how he or she testified? Does the witness have an interest in the outcome of this case, some incentive, loyalty or motive that might cause him or her to shade the truth?   Or does the witness have some bias, prejudice or hostility that may have caused the witness – consciously or not – to give you something other than a completely accurate account of the facts he or she testified about? You may consider such questions when deciding what weight you will give to a witness's testimony.

If a witness has an interest in the outcome, he or she is not necessarily incapable of giving truthful testimony. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.   But evidence that a witness is biased, prejudiced or hostile requires you to view that witness's testimony with caution, to weigh the evidence with care, and subject it to careful consideration.   Again, only the jury can decide how to weigh testimony.

You also should consider the witness' ability to express himself or herself.   Ask yourselves whether the witness' recollection of the facts stands up in light of all the other evidence in the case.

20

Defendants' Proposed Jury Instruction

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety.   On the other hand, even if you find that a witness has testified falsely or inaccurately about one matter, you may reject as false or inaccurate that portion of his or her testimony and accept as true any other portion of his or her testimony that recommends itself to your belief or which you may find corroborated by other evidence in the case.

In essence, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.   In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

11th Circuit Pattern Jury Inst. 3.4

Defendants' Proposed Jury Instruction

Number 17

## Impeachment by Prior Inconsistent Statement

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness' trial testimony.   Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the Defendants' alleged liability.   Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of witnesses who contradicted themselves or who, in earlier testimony, said something different from their testimony before you.   If you find that a witness made an earlier statement that conflicts with the witness' trial testimony, you may consider that fact in deciding how much of the witness' trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was merely a mistake; whether the inconsistency concerns an important fact, or whether it had to do with an unimportant detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence, and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

11th Circuit Pattern Jury Inst. 3.5.1

Defendants' Proposed Jury Instruction

Number 18

## Expert Witnesses

There is one more point about witnesses to address: expert witnesses. This term refers to witnesses who have specialized training or experience in a particular filed. Generally in cases that are tried in our courts, witnesses may testify only to facts that are within their own personal knowledge – that is, things that they have personally seen or heard or felt. However, in a variety of cases, issues arise that are beyond the experience of lay persons, and in those types of cases, we allow a person with specialized training or experience, called an expert witness, to testify, and to testify not only to facts, but also to opinions, and the reasons for his or her opinions, on issues that are within the witness's field of expertise and are relevant and material to the case.

Merely because a witness has expressed an opinion, however, does not mean that you must accept that opinion. In the same way as with any other witness, it is up to you to decide whether to rely on it. You may accept it or reject it, and give it as much weight as you think it deserves. In making your assessment, you may consider the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

11th Circuit Pattern Jury Inst. 3.6.1

Defendants' Proposed Jury Instruction
Number 19

## The Complaint

## Summary of the Complaint

As I explained to you at the beginning of this case, the Plaintiffs' Complaint is a statement of allegations or contentions, and is not evidence.   The Complaint essentially alleges two distinct claims.

The first claim is that the Defendants – S&J Crazy Lizards Entertainment, LLC, and its president, Scott Lizza, engaged in False Advertisement in violation of Federal law.   The second claim, again against the Defendants, is that the Defendants, S&J Crazy Lizards Entertainment, LLC, and its president, Scott Lizza, falsely claimed that the Plaintiffs, Dessie Mitcheson, Carissa Rosario, Jessica Burciaga and Mariana Davalos, endorsed the business operated by the Defendants.

I will explain more about these two counts to you.

11th Circuit Pattern Jury Inst. 1.1

Defendants' Proposed Jury Instruction
Number 20

**False Advertising, Elements and Burden of Proof**

**(15 U.S.C. 1125(a))**

In this Count of the complaint the Plaintiffs allege that the Defendants knowingly made a false statement that was material and that tended to deceive consumers, injuring the Plaintiffs in the market.

A party is liable for false advertising if, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.

The Plaintiffs claim that the use of their likenesses in the advertising of Defendants' business constitutes false advertising by using marketing materials which announce that the Plaintiffs are affiliated with the Defendants' business and that federal law prohibits a party in commercial advertising and promotion from "misrepresent[ing] the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services or commercial activities . . . ." and that the Defendants used and altered each Plaintiff's image, likeness and/or identity without authority in order to create the perception that each Plaintiff worked at or was otherwise affiliated with the Defendants' business and/or consented to or authorized the Defendants' usage of her images in order to advertise, promote, and market the Defendants' business, and/or special events and activities.

25

Defendants' Proposed Jury Instruction

The Defendants dispute the claims of the Plaintiffs and assert that each individual Plaintiff consented to the public use of her images; that only images, and not names, were used and that the use of the images did not involve the character or reputation of the Plaintiffs. The Defendants further assert that the use of the Plaintiffs' images would not have deceived a reasonable person viewing those images and that the Plaintiffs were not damaged by the use of their images.

The Defendants also claim that the Plaintiffs were paid in full for the use of their images and that the use of the images was licensed or waived by individual releases or approvals executed by the Plaintiffs who then made no effort to limit the use of the images.

To prevail on a claim for false advertising under the Lanham Act, a plaintiff-party must demonstrate the following elements: (1) a false or misleading statement of fact was made about a party or its product; (2) the statement was made in a commercial advertisement or promotion; (3) the statement actually deceived or had a tendency to deceive a substantial segment of the advertisement's or promotion's audience; (4) the deception was material, in that it was likely to influence purchasing decisions; (5) the defendant-party caused the statement to enter interstate commerce; and (6) the plaintiff-party was likely to be injured as a result of the statement, either by a direct loss of sales or a lessening of the goodwill associated with its products.

It is now up to you to decide if, by a preponderance of the evidence, each of the Plaintiffs has demonstrated that each of their claims is true and that, notwithstanding the Defendants defenses, each claim meets each of the six elements I just read to you.   You must make this decision with respect to each Plaintiff singularly, and not with respect to the

26

Defendants' Proposed Jury Instruction

Plaintiffs collectively or as a group and with respect to each Defendant individually.

If you find that any Defendant is liable to any individual Plaintiff, singularly, and not with respect to the Plaintiffs collectively or as a group, then you must determine the amount of damages to award to each individual Plaintiff from each individual Defendant.

11th Circuit Pattern Jury Inst. 10.8

27

Defendants' Proposed Jury Instruction
Number 21

**False Endorsement, Elements and Burden of Proof**

**(15 U.S.C. 1125(a))**

In this Count of the complaint the Plaintiffs allege that the Defendants knowingly and falsely claimed, in a way that was material and that tended to deceive consumers, that each individual Plaintiff endorsed the Defendants business, thereby injuring the Plaintiffs in the market. In order to satisfy a claim of False Endorsement, the Plaintiffs must first show that they had status as "celebrities" or had a "recognizable brand." If these prerequisites are met, false endorsement occurs "when a defendant uses the name or likeness of a celebrity in a manner that is likely to cause confusion among consumers as to the affiliation, connection, or association between the celebrity and the defendant's goods or as to the celebrity's sponsorship or approval of defendant's goods." The Plaintiffs claim that the use of their likenesses in the advertising of Plaintiffs' business constitutes false endorsement by using marketing materials which announce that the Plaintiffs are affiliated with the Defendants' business and that federal law prohibits a party in commercial advertising and promotion from committing any act that "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person . . . or approval of his or her goods, services, or commercial activities by another person . . . ." The Plaintiffs also claim that the Defendants used and altered the Plaintiffs' images, likeness and/or identity as described herein without authority in order to create the false perception that each Plaintiff worked at or was otherwise affiliated with the Club, or endorsed Defendants, the Club or the Club's business activities, and/or consented to or authorized Defendants' or the Club's usage

Defendants' Proposed Jury Instruction

of her images in order to advertise, promote, and market Defendants business, the Club,

and/or the Club's events and activities.

The Defendants dispute the claims of the Plaintiffs and assert that each individual

Plaintiff consented to the public use of her images; that only images, and not names, were

used and that the use of the images did not involve the character or reputation of the

Plaintiffs.   The Defendants further assert that the use of the Plaintiffs' images would not have

deceived a reasonable person viewing those images and that the Plaintiffs were not damaged

by the use of their images.

The appropriate factors to consider in determining whether there exists a likelihood of

confusion are: (1) strength of the plaintiff's mark; (2) relatedness of the goods; (3) similarity

of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree

of purchaser care; (7) defendant's intent in selecting the mark; and  (8) likelihood of expansion

of the product lines. Additional factors include (1) the level of recognition that the Plaintiffs

have among patrons of Defendants' business; (2) the similarity between the Plaintiffs "brand"

the Defendants' business (3) any evidence of actual consumer confusion regarding whether

the Plaintiffs endorsed the Defendants' business (4) the Defendants' intention in selecting the

Plaintiffs' images for their promotions; and (5) the sophistication of the Defendants' potential

customers.

The Defendants also claim that the Plaintiffs were paid in full for the use of their

images and that the use of the images was licensed or waived by individual releases or

approvals executed by the Plaintiffs who then made no effort to limit the use of the images.

It is now up to you to decide if, by a preponderance of the evidence, each of the

29

Defendants' Proposed Jury Instruction

Plaintiffs has demonstrated that each of their claims is true and that, notwithstanding the

Defendants defenses, each claim meets each of the elements I just read to you.  You must

make this decision with respect to each Plaintiff singularly, and not with respect to the

Plaintiffs collectively or as a group and with respect to each Defendant individually.

If you find that any Defendant is liable to any individual Plaintiff, singularly, and not

with respect to the Plaintiffs collectively or as a group, then you must determine the amount

of damages to award to each individual Plaintiff from each individual Defendant.


11th Circuit Pattern Jury Inst. 10.8, *Thoroughbred Legends, LLC v. Walt Disney Co.*, No. 1:07-CV-1275-BBM, 2008 WL 616253, at *12 (N.D. Ga. Feb. 12, 2008) (citing *Unique Sports Prods., Inc. v. Wilson Sporting Goods Co.*, 512 F.Supp.2d 1318, 1324 (N.D.Ga. 2007). *AMF, Inc. v. Sleekcraft Boats,* 599 F.2d 341 (9th Cir.1979); *Polaroid Corp. v. Polarad Elecs. Corp.,* 287 F.2d 492 (2d Cir.1961); *Beastie Boys v. Monster Energy Co.,* 66 F. Supp. 3d 424, 456 (S.D.N.Y. 2014).

Defendants' Proposed Jury Instruction
Number 22

**Damages and Monetary Relief**

Generally

If successful, Plaintiffs in actions for false advertising and false endorsement, may recover any damages they sustained and, in the Complaint, may also recover Defendants' profits resulting from the false advertising or false endorsement.

If you find that any Plaintiff is entitled to an award of damages, then you must identify that Plaintiff individually and singularly. Further, you must identify individually and singularly the Defendant which is responsible for the payment of the damages.

11th Circuit Pattern Jury Inst. 4.1

Defendants' Proposed Jury Instruction
Number 23

**Plaintiffs' Actual Damages**

For the Plaintiffs to recover their actual damages, as opposed to the Defendants' profits, the Plaintiffs must prove by a preponderance of the evidence that their damages were caused by the Defendants' false advertising and/or false endorsement, and that consumers were actually deceived as a result of the Defendants' conduct.

11th Circuit Pattern Jury Inst. 4.1

Defendants' Proposed Jury Instruction

Number 24

**Amount of Plaintiffs' Actual Damages**

If you find that the Plaintiffs have proven false advertising and/or false endorsement, and that that false advertising and/or false endorsement caused their injury and that consumers were actually confused or deceived as a result of the Defendants' conduct, you must determine the amount of the Plaintiffs' actual damages.   The Plaintiffs must prove the amount of their damages by a preponderance of the evidence.   Damages means the amount of money that will reasonably and fairly compensate the Plaintiffs for any injury you find was caused by the Defendants' false advertising and/or false endorsement.

In determining the amount of the Plaintiffs' actual damages, you may include any of the following categories you find proven by the Plaintiffs:

– Any profits that the Plaintiffs would have earned from additional sales of their images were it not for the Defendants' false advertising and/or false endorsement;

– Any injury to the Plaintiffs' goodwill, including injury to the Plaintiffs' general business reputation;

– Any expense the Plaintiffs incurred to try to prevent customers from being deceived; and

– The cost of any corrective advertising the Plaintiffs might reasonably be required to engage in to correct any public confusion or harm to goodwill caused by the false advertising and/or false endorsement.

11th Circuit Pattern Jury Inst. 4.2

33

Defendants' Proposed Jury Instruction
Number 25

**Entitlement to Recover Defendants' Profits**

If you find that by a preponderance of the evidence that the Defendants willfully intended to trade on the reputation of Plaintiffs, or otherwise acted in bad faith, in addition to actual damages, Plaintiffs are entitled to recover any of Defendants' profits that are attributable to the false advertising and/or false endorsement, which the Plaintiffs must prove by a preponderance of the evidence.   You may not, however, include in any award of the Defendants' profits any amount that was already included in the amount of Plaintiffs' actual damages.

*Abbott Laboratories v. Unlimited Beverages*, 218 F.3d 1239 (11th Cir. 2000)

Defendants' Proposed Jury Instruction
Number 26

**Calculation of Defendants' Profits**

In determining the amount of the Defendants' profits to be awarded, the Plaintiffs have the initial burden of proving, by a preponderance of the evidence, the amount of Defendants' gross sales revenue resulting from the false advertising and/or false endorsement.

The Defendants then have the burden of proving, by a preponderance of the evidence, the amount of expenses that should be deducted from gross sales revenue to determine profit, and any portion of their profit they allege is attributable to factors other than use of the false advertising.

Unless you find that the Defendants have proven that a portion of the profit from the sale of their services using the false advertising and/or the false endorsement is attributable to factors other than use of false advertising and/or false endorsement, you shall find that the total profit is attributable to the false advertising and/or false endorsement.

*Fifty Six Hope Road v. A.V.E.L.A.,* 778 F.3d 1059 (9th Cir. 2015)

Defendants' Proposed Jury Instruction
Number 27

## Duty to Consult and Need for Unanimity

The Plaintiffs, to prevail, must prove each essential element of their respective claims by a preponderance of the evidence, as already explained in these instructions.   If Plaintiffs succeed, your verdict should be that Defendants are liable.   If Plaintiffs fail, then your verdict should be that the Defendants are not liable.

Your function is to weigh the evidence in the case and determine whether or not the Defendants are liable, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors.   That is the very purpose of jury deliberation – to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence – if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.   But you should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether liable or not liable, must be unanimous.

11th Circuit Pattern Jury Inst. 3.8.1.

36

Defendants' Proposed Jury Instruction

Number 28

## Concluding Instructions

I will now instruct you about your deliberations and how you are to arrive at your verdict.

The evidence presented has raised factual issues which you must decide as trier of the facts, and you must resolve those issues solely on the basis of the evidence you have heard or the lack of evidence and my instructions on the law.   Your sworn duty is to determine whether the Defendants are liable or not liable solely on the basis of the evidence or lack of evidence and my instructions on the law.

Again I remind all of you that you must not be influenced by sympathy or by any assumption, conjecture or inference stemming from personal feelings, the nature of the allegations or your view of the relative seriousness or lack of seriousness of the alleged claims.

Your function is to weigh the evidence in the case and to determine whether the Defendants are either liable or not liable of the violations alleged in the Complaint based solely upon the evidence and the law which I have given to you and which you must apply.

You will commence deliberating when all of the jurors are present and able to listen to each other's point of view.   Again, those of you who have made notes may consult them in your deliberations.   But your notes should not be used to prove a recollection, or any other point, to another juror.   You should not show your notes to any other juror.   The notes are your personal notes and are not to be shared with anyone else.   If there is doubt as to what a witness said, and your respective recollections are not sufficiently helpful, you have the right to ask for testimony about a particular point to be read to you from the verbatim transcript.

Defendants' Proposed Jury Instruction

Have the foreperson send me a note, dated and with the time, describing the particular item of a particular witness' testimony you wish to hear, and we will ask the reporter to locate the subject and read the testimony to you.   Please understand that it may take some time for the court reporter to find testimony in the transcript, and there may be a delay in responding to you.   Also, if you do send me any notes, please make sure that you do not give any indication of your present state of thinking on any disputed issue; particularly, you must not inform me of your vote count on any issue.   The foreperson should sign any notes that you send to me.

Regarding the documents that have been received into evidence, we will be collecting all of them and providing them to you so that you may consider them as you see fit during your deliberations.

Your verdict will and must be announced only in open court at the end of your deliberations.   Your verdict must be by a unanimous vote of all of you.

As soon as you retire to begin your deliberations, your first task of business should be to select a foreperson.   You may either choose someone, or, by the tradition of this Court, the juror seated in the number one chair serves as the foreperson.   The choice is yours.   As soon as you do so, please send me a note, signed and dated, identifying the foreperson.

Finally, when you reach a verdict, all of you should sign the verdict form and then send me a note stating that you have reached a verdict.   Do not specify what the verdict is in the note.   Instead, the foreperson should retain the verdict sheet, and hand it to us in open court when you are all called in.   I remind you that your verdict must be unanimous.

11th Circuit Pattern Jury Inst. 4.2

Defendants' Proposed Jury Instruction
Number 29

**Jury Deliberations**

Members of the jury, I will ask you to remain seated where you are briefly while I confer with the attorneys to see if there are any additional instructions that they would like me to mention or anything I may not have properly covered in my previous instructions.

Please do not discuss the case while seated in the jury box. I might be giving you additional instructions, and you should not begin deliberations until my instructions are complete.

Please remain where you are for a few minutes, until deliberations can begin.

***

Members of the jury, you may now retire and begin deliberations.

11th Circuit Pattern Jury Inst. 3.8

39